**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 28, 2009

Charles R. Fulbruge III
Clerk

No. 08-50841
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RENE LEMUS-VASQUEZ

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:08-CR-93-ALL

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Rene Lemus-Vasquez appeals his 27-month sentence following his conviction, upon a plea of guilty, for illegal reentry after deportation. He argues that his non-Guidelines sentence is unreasonable because it is greater than necessary to satisfy the sentencing goals of 18 U.S.C. § 3553(a). Vasquez avers that the district court erred in justifying the upward variance on its conclusion that the eight-level aggravated-felony increase under U.S.S.G. § 2L1.2(b)(1)(C) was not sufficient to capture the seriousness of the prior offense. He essentially

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argues that the fact of the prior offense was already accounted for by the Guidelines by the application of the eight-level increase and could not serve as the basis for the district court's decision to vary upward, and that the court failed to take into account his personal circumstances.

As Vasquez has not argued that procedural error exists, this court considers the substantive reasonableness of the sentence under the abuse-of-discretion standard.[1] The district court properly used the unchallenged guidelines range as the starting point and initial benchmark. The district court then properly considered the sentencing factors of § 3553(a), including Vasquez's personal history and characteristics. The district court was not precluded from imposing a departure or variance based on factors that the Guidelines had already taken into account.[2] Moreover, the extent of the variance is consistent with other sentences that this court has affirmed.[3]

The judgment of the district court is AFFIRMED.

---

[1] *See Gall v. United States*, 128 S. Ct. 586, 597 (2007).

[2] *See United States v. Brantley*, 537 F. 3d 347, 350 (5th Cir. 2008); *United States v. Williams*, 517 F.3d 801, 810-11 (5th Cir. 2008).

[3] *See, e.g., Brantley,* 537 F.3d at 348-50; *United States v. Saldana*, 427 F.3d 298, 311-13 (5th Cir. 2005).