**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 22, 2009

No. 09-50017
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

HUGO GONZALEZ-LAGUNA,

Defendant–Appellant.

Appeal from the United States District Court
for the Western  District of Texas
USDC No. 3:08-CR-1822-ALL

Before GARZA, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Hugo Gonzalez-Laguna appeals his 72-month sentence for illegally reentering the United States following a previous deportation, in violation of 8 U.S.C. § 1326.  He argues that the district court procedurally erred by failing to explain adequately the non-Guidelines sentence.  He argues that his sentence was substantively unreasonable because the sentence was imposed arbitrarily, without reference to the insufficiency of the Guidelines range, and because the

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court failed to make factual findings to support its reliance on any of the 18 U.S.C. § 3553(a) factors.

This court reviews a district court's sentencing decision for abuse of discretion. *Gall v. United States*, 128 S. Ct. 586, 597 (2007); *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). This court first determines whether the district court committed any significant procedural error, such as failing to explain adequately its decision to deviate from the Guidelines range. *Gall*, 128 S. Ct. at 597. If there is no significant procedural error, this court reviews the sentence for substantive reasonableness. *Id.*

Although Gonzalez-Laguna preserved his objection to the substantive reasonableness of the sentence, he failed to object in the district court to the district court's explanation of the sentence. Plain error review therefore governs this issue. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009), *cert. denied*, No. 08-11099, 2009 WL 1849974 (Oct. 5, 2009). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

The sentencing court must state "the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007).

The district court's explanation reflects that the court expressly considered the § 3553(a) factors. The district court's statements that Gonzalez-Laguna is "dangerous coming back to the [United] States" and that "you and I know that once you serve this time, you are going to try to find a way to come back," reflect that the district court considered Gonzalez-Laguna's history of violent criminal behavior and repeated illegal reentry into the United States, as noted by the Government at sentencing and in the PSR, as well as the need to protect the

public.  *See* 18 U.S.C. § 3553(a)(1)-(2)(C).  The district court also explicitly stated that the sentence was calculated to deter Gonzalez-Laguna from future criminal activity and to ensure that Gonzalez-Laguna understood the seriousness of his offense.  Gonzalez-Laguna has not shown that the district court committed clear or obvious error in its explanation of the non-Guidelines sentence.

Gonzalez-Laguna's sentence is also substantively reasonable.  In light of Gonzalez-Laguna's long history of violent crimes and his continued flouting of the law by returning to the United States despite prior removals, he has not shown that the district court abused its discretion in sentencing him to 72 months in prison.  Further, this court has upheld variances considerably greater than the increase in Gonzalez-Laguna's sentence.  *See United States v. Brantley*, 537 F.3d 347, 348-50 (5th Cir. 2008) (affirming a variance from the Guidelines maximum of 51 months to a sentence of 180 months); *United States v. Saldana*, 427 F.3d 298, 312-13 (5th Cir. 2005) (upholding the imposition of consecutive sentences that effactually quadrupled the maximum Guidelines sentence); *United States v. Smith*, 417 F.3d 483, 492-93 (5th Cir. 2005) (affirming an increase from the Guidelines maximum of 41 months to a sentence of 120 months).

Gonzalez-Laguna has not shown that the district court imposed an unreasonable sentence.

*     *     *

Accordingly, the district court's judgment is AFFIRMED.