# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 20, 2010

No. 09-50697
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff – Appellee

v.

MARCOS PARDO,

Defendant – Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:08-CR-196-1

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Marcos Pardo appeals the 120-month sentence imposed on resentencing following his guilty plea conviction for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). He contends that the above-guidelines sentence is substantively unreasonable because it was greater than necessary to satisfy the sentencing goals set forth in 18 U.S.C. § 3553(a). Specifically, he argues that the sentence overstated the seriousness of his offense, was greater

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

than necessary to afford adequate deterrence and protect the public, and did not account for his personal history and characteristics.

We review the "substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). In reviewing an above-guidelines sentence for substantive unreasonableness, we consider "the totality of the circumstances, including the extent of any variance from the Guidelines range." *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008) (quoting *Gall*, 552 U.S. at 51). We also review whether the Section 3553(a) factors support the sentence and give deference to the district court's determination that the Section 3553(a) factors justify the variance. *Id.*

The district court supported its sentencing determination with reference to the Section 3553(a) factors, including the nature and circumstances of the offense and Pardo's history and characteristics, the seriousness of the offense, and the need to protect the public from further criminal conduct by Pardo. *See* § 3553(a)(1), (a)(2)(A) and (C). Further, the district court's comments at the resentencing hearing reflect its consideration of the facts set forth in the presentence report. Although Pardo did not possess the firearm in relation to another felony offense, the district court noted that at the time of Pardo's arrest, he was intoxicated and walking in a residential place with a loaded shotgun hidden in his pants. The district court also noted Pardo's history of gang affiliation with violent criminal behavior, as well as his extensive criminal career and recidivist tendencies. Moreover, the district court noted that Pardo had nine substantive criminal convictions that were not included in the calculation of his criminal history category. Although the 120-month sentence, more than double the guidelines range of forty-six to fifty-seven months of imprisonment, is significant, we have upheld variances similar to and greater than the increase to Pardo's sentence. *See Brantley*, 537 F.3d at 348-50 (upholding a more than 250% variance); *United States v. Jones*, 444 F.3d 430, 433, 441-42 (5th Cir. 2006) (upholding a more than double upward variance).

2

Pardo's arguments do not show a clear error of judgment on the district court's part in balancing the Section 3553(a) factors; instead, they constitute a mere disagreement with the district court's weighing of those factors. *See United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007). Given the significant deference that is due to a district court's consideration of the Section 3553(a) factors and the district court's reasons for its sentencing decision, Pardo has not demonstrated that the sentence is substantively unreasonable. *See Gall*, 552 U.S. at 50-53; *Brantley*, 537 F.3d at 349.

In order to preserve the argument for further review, Pardo contends that Section 922(g)(1) is unconstitutional pursuant to *United States v. Lopez*, 514 U.S. 549 (1995), because it regulates activity not having a substantial effect on interstate commerce. As Pardo concedes, his argument is foreclosed by circuit precedent. *See United States v. Rawls*, 85 F.3d 240, 242 (5th Cir. 1996). Accordingly, the district court's judgment is AFFIRMED.