# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 19, 2010

Lyle W. Cayce
Clerk

No. 09-31181
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSEPH RAY BERNARD,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:08-CR-333-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Joseph Ray Bernard was convicted of being a felon in possession of a firearm and ammunition and was sentenced to serve 60 months in prison. We are now presented with Bernard's appeal of his sentence, which was the result of the district court's conclusion that an upward variance from the applicable guidelines range of 30-37 months in prison was apt. Under Bernard's view, the district court committed significant procedural error because the deviation was grounded in its erroneous factual findings concerning his dangerousness and the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

connection between the firearm underlying the offense and illegal drugs. Next, he argues that his sentence is substantively unreasonable because it is nearly double the sentence provided by the applicable guidelines range and is unreasonable under the circumstances. Finally, he contends that the district court gave inadequate reasons to support its choice of sentence.

We review sentences for reasonableness in light of the factors set out in 18 U.S.C. § 3553(a), utilizing an abuse of discretion standard that affords deference to the district court's superior position to make sentencing determinations. *Gall v. United States*, 552 U.S. 38, 50-51 (2007). Under that standard, we cannot say that the sentence imposed was unreasonable, and our review of the record refutes Bernard's arguments.

The district court's sentencing decision was not based on erroneous factual findings. Rather, the transcript of the sentencing hearing shows that the district court was familiar with the facts of the case and found that those facts warranted a sentence greater than that called for under the pertinent guidelines range because, inter alia, the public needed to be protected from Bernard. Contrary to Bernard's assertions, the record also shows that the district court carefully weighed several of the § 3553(a) factors, heard and responded to counsel's arguments, and gave detailed and substantial justification for its conclusion that the range of 30 to 37 months in prison was insufficient to satisfy the objectives of § 3553, especially the goals of protecting the public and providing the defendant with needed treatment. In sum, the district court gave detailed reasons for its choice of sentence. Bernard has shown no significant procedural error in connection with his sentence. *See United States v. Delgado-Martinez,* 564 F.3d 750, 751-53 (5th Cir. 2009).

He likewise has failed to establish that his sentence is substantively unreasonable. The district court made the required individualized assessment of Bernard's circumstances based on the facts presented, started with the applicable guidelines range, and heard counsel's arguments. *See Gall*, 552 U.S.

at 49. Although the deviation was not insubstantial, this does no suffice to show that it was unreasonable. *Cf. United States v. Brantley*, 537 F.3d 347, 348-50 (5th Cir. 2008); *United States v. Jones*, 444 F.3d 430, 433, 441-42 (2006).

The judgment of the district court is AFFIRMED.