# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 2, 2010

Lyle W. Cayce
Clerk

No. 09-51071
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHRISTOPHER SIMMONS, also known as Chris Simmons,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:09-CR-179-2

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Christopher Simmons pleaded guilty without the benefit of a plea agreement to aiding and abetting attempted bank robbery (Count One); conspiracy to commit bank robbery (Count Two); and aiding and abetting the use of a firearm during a crime of violence (Count Three). The district court sentenced Simmons to 71 months on Count One, 60 months on Count Two, to run concurrently, and 20 years on Count Three, to run consecutively to Counts

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

One and Two.  Simmons contends that the 20-years sentence as to Count Three was substantively unreasonable.

The 20-year sentence challenged by Simmons was the result of an upward variance from the Guidelines.  *See United States v. Brantley,* 537 F.3d 347, 349 (5th Cir. 2008).  Following *United States v. Booker*, 543 U.S. 220 (2005), our review of sentences is for reasonableness in light of the sentencing factors set forth in 18 U.S.C. § 3553(a).  *See United States v. Mares*, 402 F.3d 511, 518-19 (5th Cir. 2005).  We "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007).

The record indicates that the district court properly considered the § 3553(a) factors.  The 20-year sentence reflected the seriousness of Simmons's offense, the need to promote respect for the law, the need to provide just punishment, and the need to protect the public from future crimes.  The sentence imposed "was reasonable under the totality of the relevant statutory factors." *Brantley*, 537 F.3d at 349 (quotation marks omitted); *see also United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008).  Accordingly, the judgment of the district court is AFFIRMED.  *See Gall*, 552 U.S. at 51.