# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 29, 2010

Lyle W. Cayce
Clerk

No. 10-50504
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE MEDEROS-UGARTE,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
No. 1:10-CR-34-1

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jose Mederos-Ugarte, an illegal alien, appeals the sentence imposed on his conviction of violating 8 U.S.C. § 1326 by being found in the United States without permission following removal. He argues that his twenty-four-month term

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50504

of imprisonment, which exceeds his advisory sentencing range, is substantively unreasonable because it is greater than necessary to achieve the goals of 18 U.S.C. § 3553(a). He contends that the court failed adequately to take into account his family circumstances and the benign nature of his offense.

The district court imposed the above-guideline sentence pursuant to § 3553(a). This court reviews the substantive reasonableness of a sentence, including those based on variances, "under an abuse-of-discretion standard . . . tak[ing] into account the totality of the circumstances. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

The district court noted that Mederos-Ugarte had twenty-one criminal history points, three convictions that did not count against him, a continuous criminal record, at least ten aliases, at least four birth dates, and four warrants against him. It found that he was a danger to the public. Although Mederos-Ugarte presented mitigating arguments, the court concluded that they did not outweigh the fact that the guideline range did not adequately account for his criminal history or the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford deterrence, and to protect the public.

The sentence does not unreasonably fail to reflect the § 3553(a) factors. *See United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). Mederos-Ugarte seeks to have us reweigh those factors, which we will not do. *See Gall*, 552 U.S. at 51. The sentence does not exceed the statutory-maximum sentence that could have been imposed for a § 1326 offense, and the extent of the variance is not unreasonable. *See, e.g., United States v. Brantley*, 537 F.3d 347, 348-50 (5th Cir. 2008). Thus, the district court did not abuse its discretion. *See Gall*, 552 U.S. at 51.

AFFIRMED.