# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 7, 2011

Lyle W. Cayce
Clerk

No. 10-10863
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SEBERIANO AGUILAR-TORRES,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:10-CR-14-1

Before KING, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Seberiano Aguilar-Torres was convicted of one count of illegal reentry into the United States and was sentenced to serve 60 months in prison and a three-year term of supervised release. In this appeal, he argues that his sentence, which was the result of an upward variance, is substantively unreasonable. Under Aguilar-Torres's view, his above-guidelines-range-sentence was not justified because his is not an exceptional case.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10863

This court reviews sentencing decisions for reasonableness and applies the abuse-of-discretion standard. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). Our review of the record and Aguilar-Torres's arguments reveals no abuse of discretion in connection with his sentence.

Aguilar-Torres argues that the district court acted improperly by relying in part on his "stale" convictions to choose a sentence, and he also complains that these convictions were not serious enough to warrant the variance. He notes that he received the same sentence applicable to those who have received the 16-level increase given under U.S.S.G. § 2L1.2 to defendants with a prior aggravated felony conviction. Also important in Aguilar-Torres's view, and contributing to the argument that his sentence is unduly harsh, is the fact that not one of his prior convictions involved violence. None of these arguments shows that his sentence "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

Insofar as Aguilar-Torres contends that the district court gave inadequate reasons for its choice of sentence, this argument fails. The court's reasons, tied to specific facts and particular § 3553(a) factors, were sufficient to justify the extent of the variance and to satisfy the requirement that the court give reasons to permit meaningful appellate review. *See Rita v. United States*, 551 U.S. 338, 357-58 (2007). Finally, the departure, although substantial, does not represent an abuse of the district court's vast sentencing discretion when considered in light of the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008).

AFFIRMED.

2