# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 13, 2011

Lyle W. Cayce
Clerk

No. 11-50215
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WILSON ALEXANDER AGUILAR,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:10-CR-714-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Wilson Alexander Aguilar appeals the 12-month sentence imposed following his guilty plea conviction for being found unlawfully in the United States following deportation, in violation of 8 U.S.C. 1326(a). Aguilar argues that his sentence, an upward variance from the advisory sentencing guidelines range (one to seven months), was substantively unreasonable because it was greater than necessary to achieve the sentencing objectives of 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Aguilar has failed to demonstrate that the sentence is substantively unreasonable. *See Gall v. United States,* 552 U.S. 38, 51 (2007). The district court heard the mitigating arguments of counsel and Aguilar's statement concerning his motive for returning to the United States. However, the district court found that the mitigating factors were outweighed by Aguilar's two prior deportations, his use of an alias and false birth date, and his use of a fraudulent social security number. The district court stated that it had considered the § 3553(a) factors, including the goals of deterrence and the protection of the public. *Id.* at 80.

"[T]he sentencing court is free to conclude that the applicable Guidelines range gives too much or too little weight to one or more factors, and may adjust the sentence accordingly under § 3553(a)." *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008) (internal quotation and citation omitted). Aguilar's disagreement with the extent of the upward variance and with the district court's weighing of the § 3553(a) factors is insufficient to demonstrate that the district court abused its discretion in imposing his sentence or that his sentence is substantively unreasonable. *Id.*

Further, the 12-month sentence was only five months above the top of the sentencing guidelines range. This court has upheld variances considerably greater than the increase to Aguilar's sentence, *see United States v. Brantley*, 537 F.3d 347, 348-50 (5th Cir. 2008); *United States v. Jones*, 444 F.3d 430, 433, 441-42 (5th Cir. 2006), and it has also rejected arguments that a sentence was substantively unreasonable because it constituted "some multiple of the upper end of the guidelines range." *United States v. Key*, 599 F.3d 469, 476 n.1 (5th Cir. 2010).

Aguilar has failed to show that the district court abused its discretion in imposing the 12-month sentence. The sentence is AFFIRMED.