**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 28, 2011

Lyle W. Cayce
Clerk

No. 11-10190
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESSIE KELLY,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CR-140-1

Before JONES, Chief Judge, and HAYNES and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jessie Kelly appeals the sentence of 420 months of imprisonment imposed following his guilty plea conviction for possessing a firearm in furtherance of a drug trafficking offense. *See* 18 U.S.C. § 924. The sentence was above the advisory guidelines sentencing range of 262 to 327 months but below the statutory maximum sentence of life imprisonment. We affirm.

Appellate courts must review sentences for reasonableness in light of the sentencing factors of 18 U.S.C. § 3553(a). *Gall v. United States*, 552 U.S. 38, 46,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

49-50 (2007). If error is preserved, as in the instant case, an appellate court reviewing for reasonableness "merely asks whether the trial court abused its discretion." *Rita v. United States*, 551 U.S. 338, 351 (2007). The abuse of discretion standard applies "whether the sentence imposed is inside or outside the Guidelines range." *Gall*, 552 U.S. at 51.

We reject Kelly's claim that the district court improperly considered records pertaining to his past. "[A] sentencing judge [may] exercise a wide discretion in the sources and types of evidence used to assist him in" selecting a sentence. *Pepper v. United States*, 131 S. Ct. 1229, 1240 (2011) (internal quotation marks and citation omitted); *see also* 18 U.S.C. § 3661. This discretion is not to be curbed by limitations concerning "the source from which [sentencing information] may come," except as set forth by law *Pepper*, 131 S. Ct. at 1240 (internal quotation marks and citation omitted); *see also* U.S.S.G. § 6A1.3. We decline Kelly's invitation to "invent a blanket prohibition" concerning the evidence that sentencing courts may consider. *Pepper*, 131 S. Ct. at 1241 (internal quotation marks and citation omitted).

We reject also Kelly's due process challenge based on an appearance of bias. Kelly does not assert that the district court was biased or even presumptively biased against him; yet only actual bias or presumptive bias gives rise to a due process violation. *See Richardson v. Quarterman*, 537 F.3d 466, 475 (5th Cir. 2008). Kelly has thus abandoned this claim by failing to offer any legal support for it. *See United States v. Stalnaker*, 571 F.3d 428, 439-40 (5th Cir. 2009). Additionally, circuit precedent forecloses the claim that the district court violated Kelly's constitutional rights of confrontation and cross-examination by considering exhibits. *See United States v. Navarro*, 169 F.3d 228, 236 (5th Cir. 1999). We find no merit in Kelly's claim that the district court failed to provide adequate reasons for the sentence. The district court made clear that it imposed an upward variance due to the nature and circumstances of the offense as well as Kelly's history and characteristics and in order to reflect the seriousness of

the offense, promote respect for the law, provide a just punishment, adequately deter future criminal conduct, and protect the public from further crimes by Kelly. *See United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005).

If a sentencing court determines that a sentence within the initial advisory range would be insufficient to serve the purposes of sentencing, it may impose either of two types of sentence falling outside that range: a departure, which is a sentence authorized by one or more provisions of the Guidelines, or a variance, which is a sentence that finds no specific authorization in the Guidelines. *See United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008). As the district court's statement of reasons makes clear, Kelly's was a variance sentence. As a substantive matter, a sentence must be supported by the factors contained in § 3553(a). *United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006). A variance "sentence unreasonably fails to reflect the [§ 3553(a)] factors where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *Id.* at 708.

We reject Kelly's speculative assertion that the district court determined that his traumatic childhood was not truly a mitigating factor and instead supported a more onerous sentence. We find no record support for Kelly's contention that the district court improperly justified "increased punishment" based on his need for mental-health counseling and on its availability in prison. And we find no merit in Kelly's assertion that the selected sentence presents a clear error in the balancing of the § 3553(a) sentencing factors and that a sentence of 327 months would have been reasonable. "The sentencing judge is in a superior position to" determine whether the § 3553(a) factors support the variance imposed. *Gall*, 552 U.S. at 51. The district court stated that it sentenced Kelly as it did based on substantive considerations, including Kelly's characteristics and extensive criminal history starting at age 17, much of which was not taken into account in determining his criminal history score. The fact

No. 11-10190

that Kelly, or we, might "reasonably . . . conclude that a different sentence was appropriate is [alone] insufficient to justify reversal of the district court." *Id.*

AFFIRMED.