**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 24, 2012

No. 11-30560
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCO ANTONIO QUIROZ-GARCIA,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 2:10-CR-345-1

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:*

Marco Quiroz-Garcia appeals the 96-month sentence following his guilty-plea conviction of illegally reentering the United States after removal. *See* 8 U.S.C. § 1326. He contends that the sentence, which the district court charac-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

terized as both an upward departure and a variance from his advisory sentencing guideline range of 57-71 months, is substantively unreasonable.

Where, as here, an appellant has preserved error, we review sentences, including those based on variances or departures, for reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). We review the substantive reasonableness of a sentence "under an abuse-of-discretion standard . . . tak[ing] into account the totality of the circumstances." *Id.*

The district court found that an above-guideline sentence was warranted because Quiroz-Garcia abused alcohol, had a propensity for violence, had repeatedly entered the United States without permission, and had been convicted of twelve criminal offenses, eight of which were too old to be reflected in his criminal history score. Quiroz-Garcia's criminal history, including uncounted convictions, provided a proper basis for an upward departure or variance. *See* U.S.S.G § 4A1.3(a), p.s.; *United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008). The sentence is justified by the facts, and it advances the objectives of 18 U.S.C. § 3553(a)(2), such as protecting the public from further crimes. It is well within the range of variances and departures this court has upheld. *See e.g. Brantley*, 537 F.3d at 349-50 (upholding a 180-month sentence imposed as an upward departure and variance where the maximum guideline sentence was 51 months); *United States v. Zuniga-Peralta*, 442 F.3d 345, 347-48 (5th Cir. 2006) (upholding a 60-month sentence imposed as an upward departure where the maximum guideline sentence was 33 months).

Quiroz-Garcia maintains that his prior convictions had little probative value regarding his potential for recidivism, and he complains that the district court failed adequately to consider his relatively crime-free recent past. That argument, however, is essentially a request that we reweigh the § 3553(a) factors, which we will not do. *See Gall*, 552 U.S. at 51.

Quiroz-Garcia has not shown that his sentence is substantively unreasonable. AFFIRMED.