IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 21, 2008

Charles R. Fulbruge III
Clerk

No. 07-30724

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

OLAN WAYNE BRANTLEY

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana

Before PRADO, ELROD, and HAYNES, Circuit Judges.

JENNIFER W. ELROD, Circuit Judge:

Olan Wayne Brantley appeals his sentence after pleading guilty to one count of passing counterfeit checks and one count of bank fraud. He contends that the sentence was unreasonable and that the district court's imposition of a fine was erroneous. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Brantley was charged with four counts of knowingly uttering and possessing counterfeit securities, in violation of 18 U.S.C. § 513(a), and with one count of making a fraudulent application for a bank loan, in violation of 18 U.S.C. § 1014. He pleaded guilty to counts three and five.

In the presentence report ("PSR"), the probation officer calculated that Brantley's total offense level was sixteen and that his criminal history category was V. The probation officer determined that Brantley's United States Sentencing Guidelines ("Guidelines") range was forty-one to fifty-one months of imprisonment and three to five years of supervised release, that the statutory maximum fine for each of Brantley's counts of conviction was $250,000, and that the Guidelines range for a fine was $5,000 to $50,000. The probation officer also found that Brantley did "not have the ability to pay a fine in addition to restitution" at the time the PSR was prepared.

Brantley offered corrections to factual assertions in the PSR but did not object to the Guidelines range calculations. The government moved for an upward departure or, alternatively, for a variance above the Guidelines sentence range on the basis that Brantley's criminal history category did not adequately reflect the seriousness of his past criminal history or the likelihood that he would commit future crimes.

The district court overruled Brantley's requests to correct factual assertions in the PSR, granted the government's request for a sentence above the Guidelines range, and sentenced Brantley to concurrent sentences of 120 months of imprisonment on the counterfeit-securities count and 180 months of imprisonment on the bank-fraud count. The district court also imposed concurrent sentences of three years of supervised release on the counterfeit-securities count and five years of supervised release on the bank-fraud count. The district court explained that the sentences were based on Brantley's extensive criminal history, his personal characteristics, the offenses of conviction, and the fact that incarceration and probation had not deterred him from crime, thereby requiring a long imprisonment term to protect the public. The district court also explained that it was imposing a fine of $65,000 in lieu of restitution due to the "lack of information and number of unidentified victims" in the case. Brantley appeals.

## II. DISCUSSION

A. Reasonableness of Sentence

Brantley first argues that the sentence of incarceration imposed by the district court was unreasonable because it was 253% higher than the top of the Guidelines range and because the district court's basis for imposing it was primarily his criminal history category. He maintains that the basis for the sentence was improper because criminal history and the other 18 U.S.C. § 3553(a) factors relied upon by the district court were part of the Guidelines range calculation, and that according to United States v. Perrin, 478 F.3d 672, 678 (5th Cir. 2007), abrogation recognized by United States v. Williams, 517 F.3d 801 (5th Cir. 2008), factors included in the Guidelines range calculation cannot support a non-Guidelines sentence. He also contends that the sentence imposed was unreasonable because the district court did not give enough weight to the Guidelines sentence range, and that pursuant to United States v. Duhon, 440 F.3d 711 (5th Cir. 2006), vacated, 128 S. Ct. 853 (2008), the district court improperly sentenced him based on its dissatisfaction with the Guidelines range calculation.

This court recognizes three types of sentences: (1) "a sentence within a properly calculated Guidelines range"; (2) "a sentence that includes an upward or downward departure as allowed by the Guidelines"; and (3) "a non-Guideline sentence" or a "variance" that is outside of the relevant Guidelines range. United States v. Smith, 440 F.3d 704, 706–08 (5th Cir. 2006). The district court stated that based on the § 3553(a) factors, the sentence was outside of the Guidelines range both as an upward departure and as a variance. For present purposes, however, the specific characterization is irrelevant because, as shown below, the sentence imposed was reasonable "under the totality of the relevant statutory factors." United States v. Jones, 444 F.3d 430, 441 (5th Cir. 2006).

In reviewing Brantley's sentence, this court must first consider whether the district court made a significant procedural error. Gall v. United States, 128

S. Ct. 586, 597 (2007). If no procedural error exists, the court then considers "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard," irrespective of whether the sentence falls within the Guidelines range. Id. Because Brantley did not object to the reasonableness of the sentence before the district court, this court reviews the sentence for plain error. See United States v. Peltier, 505 F.3d 389, 391–92 (5th Cir. 2007). To demonstrate plain error, Brantley must show "error that is plain and that affect[s] substantial rights." United States v. Reyna, 358 F.3d 344, 350 (5th Cir. 2004) (internal quotation marks and citation omitted). If he can meet these criteria, then the court has "the discretion to correct the forfeited error but should do so only if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks and citation omitted).

As Brantley does not raise any procedural challenges to the sentence of incarceration, this court must consider the substantive reasonableness of the sentence. In doing so, the court should consider "the totality of the circumstances, including the extent of any variance from the Guidelines range." Gall, 128 S. Ct. at 597. The court, however, owes deference to the district court's determination of the appropriate sentence based on the § 3553(a) factors and may not reverse the district court's ruling just because it would have determined that an alternative sentence was appropriate. Id. The appropriate factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant;

and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established [in the applicable Guidelines] . . . ;

(5) any pertinent policy statement . . . [;]

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

    The district court determined that the sentence imposed was appropriate based on four of the statutory factors: Brantley's history and characteristics; the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; the need for the sentence to provide adequate deterrence; and the need for the sentence to protect the public from further crimes. The district court also relied upon Brantley's criminal history in the PSR as the factual basis for imposing the sentence based on these factors.

    This determination was reasonable for at least three reasons. First, Brantley's undisputed criminal history provides ample justification for the sentence. His criminal record includes eight separate convictions on a total of fourteen counts in five states over the twenty years prior to his sentencing. All of these convictions, like his present convictions, were for theft or fraud. The record thus indicates that the district court did not exaggerate when it stated that Brantley had "been practically a one-man crime wave for 30 years." The record also demonstrates the reasonableness of the district court's conclusions

that Brantley's personal characteristics showed that he had not "learned [his] lesson" from his prior convictions and that a long incarceration period was required to provide just punishment, to ensure adequate deterrence, and to protect the public.

Second, Brantley's reliance on Perrin and Duhon is misplaced. He correctly asserts that according to Perrin, a district court could not rely upon a factor considered in the Guidelines sentence range calculations to justify a non-Guidelines sentence. 478 F.3d at 678. In Williams, however, this court expressly recognized Perrin's abrogation by the Supreme Court's rulings in Rita v. United States, 127 S. Ct. 2456, 2465 (2007), Gall, 128 S. Ct. at 596–97, and Kimbrough v. United States, 128 S. Ct. 558, 570 (2007), and held instead that a district court may rely upon factors already incorporated by the Guidelines to support a non-Guidelines sentence. Williams, 517 F.3d at 810–11 & n.55. In addition, to the extent Duhon provided that a district court could not impose a non-Guidelines sentence based on dissatisfaction with the Guidelines sentence range, it also has been abrogated, id. at 809 & n.42, and the Supreme Court has vacated the ruling in light of Gall. Duhon, 128 S. Ct. at 853.

Finally, the record does not support Brantley's assertions that the district court improperly failed to use the Guidelines sentence range as a framework and to give it sufficient weight. The Guidelines sentence range was calculated in the PSR, neither party objected to the calculation, and the district court adopted the findings of the PSR. The district court also stated that it usually paid "a lot of attention" to the Guidelines range but thought that the present case was exceptional, showing that the court did give consideration to the Guidelines sentence range. Accordingly, Brantley has not shown that the district court committed plain error in imposing his sentence of incarceration.

B. Imposition of Fine

Brantley also argues that the district court erred in imposing a $65,000 fine because the PSR showed that he was unable to pay the fine and because his

health problems—specifically, diabetes and three crushed discs in his back—showed that he would not become able to pay the fine. Because Brantley did not object to the fine at sentencing, this court's review is for plain error. See United States v. Landerman, 167 F.3d 895, 899 (5th Cir. 1999).

In the PSR, the probation officer stated that Brantley reported having no assets or liabilities, that Brantley had been incarcerated since his arrest on the present charges, and that Brantley did "not have the ability to pay a fine in addition to restitution at this time." The probation officer did not make any findings regarding Brantley's future earning capacity or his ability to pay a fine in the future, but the PSR did reflect that Brantley was fifty years old, had three crushed discs in his back, and had diabetes. Regarding restitution, the probation officer determined that the number of victims was so large that ordering restitution was impractical and recommended that the court impose community restitution. The probation officer also found that the total loss incurred by the victims was $64,467.43.

At sentencing, the district court explicitly adopted the factual findings in the PSR. The district court did not impose a restitution order due to the large number of victims in the case but instead imposed a fine of $65,000, approximately the amount of loss incurred by the victims. The government did not present any evidence of Brantley's ability to pay a fine at sentencing, and the district court did not make any findings regarding his ability to pay a fine. The district court did state, however, that Brantley could make payments from prison wages, that he did not have to pay the standard interest requirement, and that any unpaid portion of the fine would be made a condition of his supervised release "with monthly payments at a rate of not less than 15 percent of [his] gross monthly income." The district court also ordered that any federal income tax refunds be paid toward the fine.

The Guidelines state that "[t]he court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely

to become able to pay any fine." U.S.S.G. § 5E1.2(a); see United States v. Fair, 979 F.2d 1037, 1040 (5th Cir. 1992). Toward this end, the Guidelines provide fine ranges based on the offense level and list factors that the court must consider. U.S.S.G. § 5E1.2(c)(3), (d). A district court may waive the fine or assess a fine below the Guidelines range "[i]f the defendant establishes that (1) he is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay all or part of the fine required [under the Guidelines], or (2) imposition of a fine would unduly burden the defendant's dependents . . . ." U.S.S.G. § 5E1.2(e).

"[A] defendant may rely on the PSR to establish his inability to pay a fine . . . ." Fair, 979 F.2d at 1041. In cases where the district court adopts a PSR "showing limited or no ability to pay a fine the government must then come forward with evidence showing that a defendant can in fact pay a fine before one can be imposed." Id. "Once such a showing has been made," the district court has the discretion to determine, upon consideration of the factors in U.S.S.G. § 5E1.2(d), whether a fine should be imposed. Id. at 1041–42. If the district court adopts the PSR but "chooses to disregard [the PSR's recommendation on fines], it must make specific findings regarding the defendant's ability to pay a fine." Landerman, 167 F.3d at 899 (citing Fair, 979 F.2d at 1041).

In Fair, we held that the district court erred by imposing a fine after adopting a PSR which expressly recommended against a fine. 979 F.2d at 1041. The PSR in that case stated that "[t]he defendant [did] not appear to have any assets . . . to pay [a] fine . . . immediately, nor [did] he appear to have the means to pay a fine on an installment basis after a lengthy period of incarceration." Id. at 1040. Even so, the district court imposed a $20,000 fine, explaining later in a supplemental sentencing memorandum that the court had considered the defendant's present indigency and that the defendant "could pay off the fine in monthly installments after his release." Id. Emphasizing that the district court's determinations directly contradicted the PSR's recommendations on the

8

defendant's present and future ability to pay a fine, we vacated the fine and remanded for further explanation because we were "hard pressed" to understand how the defendant would pay it. Id. at 1041.

In this case, by contrast, the district court did not reject or depart from the adopted PSR's recommendation on a fine, and as a result, the court was not required to make specific findings regarding Brantley's ability to pay the fine.[1] Unlike the PSR in Fair, which explicitly stated that the defendant lacked either the present or the future capacity to a pay a fine, the PSR here determined only that Brantley was financially unable "to pay a fine in addition to restitution at this time." The district court's imposition of a fine in lieu of restitution comported squarely with the PSR's conclusion.

We underscored the significance of this distinction in Landerman, where we upheld the district court's imposition of a $10,000 fine under the framework set forth in Fair. 167 F.3d at 899. The PSR in Landerman concluded that the defendant lacked the ability to pay a $15,000 to $150,000 fine but recommended the court impose a fine sufficient to pay the costs of imprisonment. Id. at 900. The PSR also "contain[ed] evidence that indicate[d] that [the defendant] might be able to pay a lesser fine," and in imposing the fine, the district court waived the interest requirement and made the fine payable in monthly installments upon the defendant's supervised release. Id. Reviewing for plain error, we affirmed the imposition of the fine because "the district court did not depart from

---

[1] Nor does the PSR show that Brantley's age and health problems will limit or prevent him from paying the fine over time. Although the PSR stated that Brantley (who had been gainfully employed in construction and as a roughneck) had no assets, it also found that he had no liabilities, and it did not determine that Brantley was presently ineligible for a job in prison, or that he will be ineligible for employment upon his release. See United States v. Matovsky, 935 F.2d 719, 723 (5th Cir. 1991) ("Recognizing that [the defendant] is 'currently without substantial assets or gainful employment and therefore unable to pay the full fines immediately, we nevertheless conclude that the record supports the judge's implicit finding that [he] can obtain employment and pay the fines over time.'" (quoting United States v. Mastropierro, 931 F.2d 905, 907 (5th Cir. 1991))). The government, therefore, was not required to produce evidence showing that Brantley could in fact pay the fine.

the presentence report." Id.

Similarly here, in addition to following the PSR's recommendation on a fine, the district court stated that Brantley could make payments from prison wages, that he did not have to pay the standard interest requirement, that any unpaid portion of the fine would be made a condition of his supervised release "with monthly payments at a rate of not less than 15 percent of [his] gross monthly income," and that any federal income tax refunds would be paid toward the fine. Thus, the district court in this case—like the district court in Landerman—not only imposed a fine in accordance with the PSR; it also made express provisions to facilitate its payment.[2] See also United States v. Voda, 994 F.2d 149, 155 n.14 (5th Cir. 1993) ("Normally, a district court does not have to express reasons for imposing a fine as long as it is shown that the judge considered the defendant's ability to pay.").

Finally, even assuming arguendo that the district court erred in imposing the fine, any such error would not have affected Brantley's substantial rights. The PSR stated that the total loss incurred by the victims was $64,467.43, and the district court imposed a fine in lieu of restitution of approximately the same amount—$65,000. Cf. United States v. Miller, 406 F.3d 323, 331–32 (5th Cir. 2005) (holding that the alleged incorrect designation of the recipient of restitution did not affect the defendant's substantial rights "because [the defendant] would be required to pay the same amount" in either case).

Accordingly, Brantley has not shown that the district court's imposition of the fine amounted to plain error. See United States v. Rodriguez, 15 F.3d 408,

---

[2] Furthermore, a fine is meant to be a sanction, and the mere fact that it may be a significant financial burden does not constitute a ground for error. See Matovsky, 935 F.2d at 723 (5th Cir. 1991) ("The clearly enunciated purpose of a fine is a punitive sanction, and it is not an abuse of discretion to impose a fine that 'is likely to constitute a significant financial burden.'" (quoting United States v. Doyan, 909 F.2d 412, 414 (10th Cir. 1990))). It is also important to note that Brantley does not allege that the fine was unreasonable because it was above the Guidelines range of $5,000 to $50,000. Accordingly, he has abandoned that argument on appeal. Yohey v. Collins, 985 F.2d 222, 224–25 (5th Cir. 1993).

417 (5th Cir. 1994) (noting that "one of the obvious, and most salutary, purposes of the plain error rule is to enforce the requirement that parties object to errors at trial in a timely manner so as to provide the trial judge an opportunity to avoid or correct any error," and that "[i]f it were so critical that [the defendant] not be fined, surely something would have been said about it at sentencing" (internal quotation marks and citation omitted)).

## III. CONCLUSION

Finding no plain error in the district court's imposition of Brantley's sentence and fine, we AFFIRM.