# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 6, 2008

Charles R. Fulbruge III
Clerk

No. 08-40114
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

VICENTE PEREZ-MENDOZA

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:07-CR-1176-ALL

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Vicente Perez-Mendoza (Perez) pleaded guilty to illegal reentry after deportation and was sentenced to a 48-month term of imprisonment. Perez argues that his non-guidelines sentence is unreasonable because it is greater than necessary to deter future criminal conduct. He contends that the sentencing court did not provide adequate reasons to support the sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The selection of a non-guidelines sentence is within the discretion of the district court. Gall v. United States, 128 S. Ct. 586, 597 (2007). Following United States v. Booker, 543 U.S. 220 (2005), we review sentences for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a). See United States v. Mares, 402 F.3d 511, 519-20 (5th Cir. 2005). We consider whether the district court committed any "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall 128 S. Ct. at 597. If no procedural error occurred, we review for abuse of discretion the substantive reasonableness of the sentence selected by the district court. Id.

In this case, the sentencing court imposed a sentence seven months higher than the guidelines sentencing range. In support of its sentencing determination, the court cited Perez's recidivism, his criminal activities that had not resulted in incarceration, and the fact that his criminal history category of VI did not adequately represent his "extensive criminal history." Perez presented mitigating arguments, but the court ultimately concluded that they did not outweigh his criminal history. See Rita v. United States, 127 S. Ct. 2456, 2469 (2007). We hold that Perez's sentence was both procedurally and substantively reasonable and thus within the discretion of the sentencing court. See Gall, 128 S. Ct. at 597; United States v. Brantley, 537 F.3d 347, 348-50 (5th Cir. 2008).

AFFIRMED.