# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 28, 2010

No. 09-50897
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GILBERTO ESPINOZA-MORAN, also known as Gilberto Espinoza Moran,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:09-CR-65-1

Before REAVLEY, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Gilberto Espinoza-Moran pleaded guilty without the benefit of a plea agreement to being unlawfully present in the United States following removal in violation of 8 U.S.C. § 1326(a), (b). Although the applicable advisory sentencing guidelines range was 37 to 46 months of imprisonment, the district court determined that a non-guidelines sentence was appropriate and sentenced Espinoza-Moran to 60 months of imprisonment. Espinoza-Moran argues on appeal that his sentence is unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Following *United States v. Booker*, 543 U.S. 220 (2005), our review of sentences is for reasonableness in light of the sentencing factors set forth in 18 U.S.C. § 3553(a). *See United States v. Mares*, 402 F.3d 511, 518-19 (5th Cir. 2005). We first determine whether the district court committed procedural error. *See Gall v. United States*, 552 U.S. 38, 51 (2007). If there is no procedural error, we then "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.*

As Espinoza-Moran does not suggest that the sentencing court committed any procedural errors in calculating or explaining the reasons for his sentence, our review is confined to the substantive reasonableness of the sentence. *See United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008); *Gall*, 552 U.S. at 51. We find no merit in Espinoza-Moran's argument that the district court erred in finding that the guidelines range did not adequately account for his criminal history. *See Brantley*, 537 F.3d at 350. In light of the substantial criminal conduct not counted under the Sentencing Guidelines, Espinoza's 60-month sentence was within the discretion of the district court and was substantively reasonable under 18 U.S.C. § 3553(a). *See Brantley*, 537 F.3d at 348-50; *United States v. Jones*, 444 F.3d 430, 433-34, 440-41 (5th Cir. 2006).

AFFIRMED.