**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 7, 2011

No. 10-30602
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ABRAHAM AVETISYAN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:09-CR-285-1

Before HIGGINBOTHAM, SMITH and HAYNES, Circuit Judges

PER CURIAM:[*]

Abraham Avetisyan appeals the district court's imposition of a fine of $10,000, following his plea of guilty to access device fraud in violation of 18 U.S.C. § 1029(a)(3). We affirm.

According to Avetisyan, because the presentence report (PSR) showed he was incarcerated, lacked assets, and had no ability to pay an immediate fine, the Government was required to come forward with evidence of his ability to pay, and the district court was required to make findings regarding his ability to pay.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30602

As Avetisyan concedes, because he did not object to the imposition of the fine, we review only for plain error. *See United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008).

The PSR made no determination that Avetisyan lacked a future ability to pay a fine, and it set forth evidence of Avetisyan's past gainful employment and earnings. In addition, the district court ordered the fine to be paid in future installments of 25% of Avetisyan's gross income to begin 30 days following Avetisyan's release from prison. Under these circumstances, there was no error, and certainly no plain error. *See Brantley*, 537 F.3d at 352-53 and n.1; *United States v. Landerman*, 167 F.3d 895, 900 (5th Cir. 1999).

The judgment of the district court is AFFIRMED.