## IN THE UNITED STATES COURT OF APPEALS
### FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 12, 2011

No. 10-20642
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RAUL MOSQUEDA, also known as Raul Ramirez Mosqueda,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-254-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Raul Mosqueda appeals the sentence imposed after he pled guilty to being in the United States illegally after deportation. The 24-month sentence was a non-Guidelines variance above the advisory sentencing range of six to 12 months. Mosqueda contends that it was unreasonable.

A district court's decision whether and by how much to deviate from the advisory Guidelines range is entitled to deference in light of its superior position to find facts, make credibility determinations, and gain "insights not conveyed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

by the record." *Gall v. United States*, 552 U.S. 38, 51 (2007) (quotation marks and citation omitted). "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Id.*

Mosqueda asserts that the court improperly weighed the sentencing factors of 18 U.S.C. § 3553(a) and his criminal history. By doing so, he implicitly argues for *de novo* review and asks this court to reweigh the sentencing factors in his favor. This is precisely contrary to the prescribed review for abuse of discretion. *See id.* (mandating "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance"). The district court cited fact-specific reasons for the sentence, and its reasons adequately reflected consideration of the Section 3553(a) factors. Moreover, this court has affirmed similar or greater degrees of variance. *See, e.g.*, *United States v. Brantley*, 537 F.3d 347, 348-50 (5th Cir. 2008) (upholding an upward variance to 180 months from an advisory maximum of 51 months). Accordingly, the sentence was reasonable and should not be disturbed. *See id.*

AFFIRMED.