# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 29, 2012

Lyle W. Cayce
Clerk

No. 12-30421
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRANDON M. DEL BOSQUE,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:11-CR-119-1

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Brandon Del Bosque appeals the 12-month sentence imposed following his guilty-plea conviction for forging and using the forged signatures of a judge and court officer, in violation of 18 U.S.C. § 505. For the first time on appeal, he contends that his sentence, which represented an upward variance from the guidelines range, was procedurally and substantively unreasonable.

Because Del Bosque did not object to his sentence on these grounds in the district court, we review for plain error, which requires him to show a forfeited

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

error that is clear or obvious and that affects his substantial rights. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007); *see also Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but will do so only if it seriously affects the fairness, integrity or public reputation of judicial proceedings. *Puckett*, 556 U.S. at 135.

Del Bosque first argues that the district court based its sentence on clearly erroneous facts, specifically, his purported manipulation of his wife and her grandmother, when there was no evidence that he used the forged document to manipulate anyone. Contrary to his assertion, the Presentence Report (PSR) contained sufficient evidence of Del Bosque's manipulation of family members, and the district court did not err, plainly or otherwise, in relying on the PSR's findings and conclusions given the absence of any rebuttal evidence. *See United States v. Ollison*, 555 F.3d 152, 164 (5th Cir. 2009); *United States v. Solis*, 299 F.3d 420, 455 (5th Cir. 2002); *see also Puckett*, 556 U.S. at 135. Specifically, the letters from Del Bosque's wife and grandmother stating that they did not feel victimized by him were insufficient to rebut the findings in the PSR. *See Solis*, 299 F.3d at 455.

Alternatively, Del Bosque contends that, even if there was sufficient evidence to show that he manipulated his family members, the court erred in relying on that fact to support its upward variance, rendering his sentence substantively unreasonable. He reasons that because intent to defraud is not an element of the offense, his attempt to take advantage of his wife's grandmother was irrelevant in assessing the seriousness of the offense under 18 U.S.C. § 3553(a)(2)(A).

The argument is without merit. Del Bosque's manipulation of family members was a relevant consideration because the record establishes the interconnectedness of his gambling addiction, its effects on his family, and the nature and circumstances of the instant offense. Further, Del Bosque ignores

the fact that the district court additionally relied on his extensive criminal history, which included theft and financial misrepresentation crimes, and on the seriousness of the offense, which the court determined compromised the reputation of the court and victimized well-respected members of the judiciary.

Del Bosque has not demonstrated any plain error relative to the substantive reasonableness of his sentence. *See United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008)*; Peltier*, 505 F.3d at 392; *see also Puckett*, 556 U.S. at 135. His argument does not show that the district court relied on an improper § 3553(a) factor but instead reflects his disagreement with the propriety of his sentence and the district court's weighing of those factors. To the extent that he seeks to have this court reweigh the § 3553(a) factors, this court may not do so. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *see also United States v. Cisneros-Gutierrez*, 517 F.3d 751, 767 (5th Cir. 2008).

The district court's judgment is AFFIRMED.