# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 2, 2013

Lyle W. Cayce
Clerk

No. 12-50216
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE GUADALUPE VARGAS-VICTORIA, also known as Mario Gomez-Rodriguez,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:11-CR-1024-1

Before DAVIS, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jose Guadalupe Vargas-Victoria appeals the 108-month sentence imposed after his guilty-plea conviction for illegal reentry following deportation, in violation of 8 U.S.C. § 1326. (The advisory Guidelines sentencing range was 46 to 57 months.) He contends the above-Guidelines sentence is substantively unreasonable as greater than necessary to satisfy the sentencing goals of 18 U.S.C. § 3553(a). Although Vargas concedes the district court considered the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

proper factors, he contends a sentence greater than 63 months, but well below 108 months, would have been sufficient. He contends also that immigration offenses generally result in high advisory Guidelines sentencing ranges for relatively minor conduct, and the 46 to 57-month advisory Guidelines sentencing range in this instance was a high starting point for his offense. Finally, he asserts the 108-month sentence failed to account for his personal circumstances: he lived in the United States for most of his adult life; he was addicted to drugs and alcohol most of his life; and he was completely deaf as a result of a surgery to remove brain tumors.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 48-51 (2007). In that respect, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005). Vargas does not claim procedural error.

In reviewing an above-Guidelines sentence for substantive reasonableness, our court considers "the totality of the circumstances, including the extent of any variance from the Guidelines range". *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008) (internal quotation marks and citation omitted). Review also includes whether the § 3553(a) factors support the sentence, giving deference to the district court's determining the factors justifed the variance. *Id.*

Before imposing sentence, the district court considered: the advisory Guidelines sentencing range; the applicable policy statements; the § 3553(a) factors; the facts in the presentence investigation report; and the parties' sentencing-contentions. It concluded the Guidelines range did not adequately account for the § 3553(a) factors, including: Vargas' history and characteristics;

the need to promote respect for the laws of the United States; the need to provide a just punishment; and the need to deter future crimes and protect the public. Notably, Vargas had a lengthy criminal history, including uncounted convictions for burglary, controlled substance offenses, and illegal reentry. Although his 108-month sentence is 51 months greater than the top of the 46 to 57-month advisory Guidelines sentencing range, our court has upheld variances considerably greater than the increase to his sentence. *E.g.*, *id.* at 348-50 (upholding sentence 253 percent higher than top of advisory Guidelines sentencing range).

Vargas' contentions do not show a clear error of judgment by the district court in balancing the § 3553(a) factors; they merely constitute disagreement with the court's weighing of those factors. Given the significant deference due to a district court's consideration of the § 3553(a) factors and the court's reasons for its sentencing decision, Vargas has not demonstrated the sentence is substantively unreasonable.

AFFIRMED.