# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 15, 2013

No. 12-20345
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SIMON CASARES RODRIGUEZ, also known as Carmelo Ayala Perez, also known as Simon Casares-Rodriguez, also known as Carlos Barrios Guzman, also known as Carlos Barrios-Guzman, also known as Jesus Corona-Morales, also known as Sergio Alama-Perez, also known as Sergio Alama Perez, also known as Guzman Carlos Barrios, also known as Simon Rodriguez-Cazares, also known as Simon Rodriguez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-571-1

Before REAVLEY, JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

Simon Casares Rodriguez appeals the sentence for his conviction of illegal reentry following removal. He contends that his 120-month sentence, a variance from the 77-96 month guideline sentencing range, is substantively unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Specifically, Rodriguez argues that his sentence was substantively unreasonable because the district court did not take into account his youth when he came to the United States; the 24 months he spent in state custody and one month he spent in immigration custody after he was found by immigration authorities in 2009; or the fact that his longest previous sentence was 76 months of imprisonment, which he argues suggests that a sentence within the guideline sentencing range would be sufficient to deter him from committing any further immigration offenses. Moreover, Rodriguez contends, the district court erred by failing to consider whether any sentence of less than 120 months would have been sufficient to satisfy the goals of 18 U.S.C. § 3553(a).

In reviewing a non-guidelines sentence for substantive reasonableness, we consider "the totality of the circumstances, including the extent of any variance from the Guidelines range." *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008) (internal quotation marks and citation omitted). We also review whether the 18 U.S.C. § 3553(a) factors support the sentence and give deference to the district court's determination that the § 3553(a) factors justify the variance. *Id.* "A sentence is unreasonable if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007) (internal quotation marks and citation omitted).

Despite having incurred several convictions and having served more than six years in prison, Rodriguez illegally reentered the United States for the sixth time, a federal felony offense, 8 U.S.C. § 1326(a), and committed robbery, a Texas state criminal offense, for which he served two more years of imprisonment. Moreover, Rodriguez's previous convictions suggest a history of violence and his six illegal reentries into the United States demonstrated his indifference to federal immigration law. It was not an abuse of discretion for the district court to weigh heavily the nature and extent of Rodriguez's criminal

history, the ineffectiveness of the punishments previously imposed to deter criminal behavior, and the need to protect the public from Rodriguez. Rodriguez's arguments as to his age when he first entered the country; the length of his previous sentence; the time he spent in state custody and immigration custody; and the consideration of sentences lower than 120 months of imprisonment are unavailing.

AFFIRMED.