## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 9, 2013

No. 12-60976
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DON EARL JOHNSON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:12-CR-39-1

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Don Earl Johnson appeals the 72-month sentence imposed following his guilty plea to failing to register as a sex offender. He argues that the imposition of an upward variance, and the extent of that variance, is substantively unreasonable. We review the substantive reasonableness of the district court's above-guidelines sentence for an abuse of discretion. *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A sentencing court may consider a defendant's criminal history in imposing a non-guidelines sentence, and it is permissible for the sentencing court to evaluate the history and characteristics of the defendant and the nature and circumstances of the offense to determine whether it would deviate from the advisory range to afford adequate deterrence to criminal conduct. *United States v. Fraga*, 704 F.3d 432, 440-41 (5th Cir. 2013). Johnson's criminal history category underrepresented both the seriousness of his criminal history and the likelihood that he would reoffend where several of his assaults were not prosecuted and 14 of his prior convictions received no criminal history points. The district court thus did not abuse its discretion in imposing an upward variance from the advisory guidelines range. *See id.* at 441.

Regarding the extent of the upward variance, Johnson's criminal conduct was "significantly beyond that which had already been taken into account in calculating the applicable Guidelines range." *Cf. United States v. Rajwani*, 476 F.3d 243, 251 (5th Cir.), *modified by*, 479 F.3d 904 (5th Cir. 2007). Given the comparatively little amount of time he spent incarcerated, the extent of the variance also was not an abuse of discretion.

AFFIRMED.