# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30483
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 31, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GWENDOLYN M. WALKER,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:12-CR-319-1

Before STEWART, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Gwendolyn Walker appeals her sentence of 12 months of imprisonment, imposed following her guilty-plea conviction for bankruptcy fraud. *See* 18 U.S.C. § 157. She argues that the district court failed to properly consider the 18 U.S.C. § 3553(a) factors and disregarded her history and personal characteristics in setting the sentence above the guidelines range. She raises

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30483

these issues for the first time on appeal and we, therefore, review only for plain error. *See United States v. Juarez*, 626 F.3d 246, 253-54 (5th Cir. 2010).

In imposing Walker's sentence, the district court clearly referenced the § 3553(a) factors. The district court first noted three purposes of sentencing, matching certain of the § 3553(a) factors. Specifically, the district court outlined the need to protect society from the crimes of the individual, punish the offender, and deter others contemplating similar offenses. *See* § 3553(a)(2)(A), (B), (C). The district court then noted generally abuses to the bankruptcy system and the need to deter such fraud. *See* § 3353(a)(2)(B). Further, the district court stated that it selected the sentence "after considering the factors contained in 18 U.S.C. [§] 3553 pertaining to your history, your personal characteristics, as well as your involvement in the instant offense." *See* § 3553(a)(1), (a)(2)(A). The district court found that Walker engaged in the offense despite the fact that she earned a "decent" salary, that she had four prior bankruptcy filings and thus was not an unsophisticated participant in bankruptcy proceedings, and that she had shown a "pattern of fraudulent behavior" in her dealings with the Bankruptcy Court, the Internal Revenue Service, and her creditors. *See* § 3553(a)(2)(A) and (C).

Walker has failed to show that the district court gave significant weight to an improper or irrelevant factor, that it failed to account for a factor that should have received significant weight, or that it made a clear error of judgment. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). Walker has shown no clear or obvious error as to the district court's consideration of the § 3553(a) factors. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *Juarez*, 626 F.3d at 254. Her challenge to her sentence amounts to no more than a disagreement with the district court's balancing of the § 3553(a)

No. 13-30483

factors, an analysis which the district court was in a better position than this court to perform and to which we accord great deference. *See United States v. Hernandez*, 633 F.3d 370, 375 (5th Cir. 2011).

As to the increase to 12 months of imprisonment from the top of the guidelines range of six months, this court has upheld variances and departures greater than the six-month increase to Walker's sentence, *See United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008); *United States v. Jones*, 444 F.3d 430, 433, 441-42 (5th Cir. 2006); *United States v. Smith*, 417 F.3d 483, 492 (5th Cir. 2005); *United States v. Daughenbaugh*, 49 F.3d 171, 174-75 (5th Cir. 1995). The district court acted within its discretion in imposing Walker's sentence. *See Hernandez*, 633 F.3d at 375. The decision of the district court is thus AFFIRMED.