# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10548
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 29, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JENNIFER TEMPLIN KINABREW,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CR-240-1

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jennifer Templin Kinabrew pleaded guilty to fraud in connection with access devices. The district court varied or departed upward from the guidelines imprisonment range in sentencing Kinabrew to a 72-month term of imprisonment. Kinabrew contends that the sentence was predicated improperly on the erroneous and unsupported finding that the sentences

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imposed for eight of her prior convictions were unusually lenient. This contention is without merit.

After *United States v. Booker*, 543 U.S. 220 (2005), sentences are reviewed for procedural error and substantive reasonableness under an abuse of discretion standard. *United States v. Johnson*, 619 F.3d 469, 471-72 (5th Cir. 2010) (citing *Gall v. United States*, 552 U.S. 38, 50-51 (2007)).

The record reflects that, in varying from the guidelines imprisonment range, the district court was concerned with the persistence and escalating level of Kinabrew's criminality. It expressly considered the statutory sentencing factors of punishment, deterrence, and protection of the public. *See* 18 U.S.C. § 3553(a). This court "owes deference to the district court's determination of the appropriate sentence based on the § 3553(a) factors." *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008). Kinabrew cannot show that the district court abused its discretion in varying upward from the guidelines range. *See Gall*, 552 U.S. at 50-51. The judgment is AFFIRMED.