# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10942
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 8, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FEDERICO DIAZ-NAVARRO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-44-1

Before STEWART, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Federico Diaz-Navarro (Diaz) appeals the 36-month above-range sentence imposed following his guilty plea conviction for reentering the United States illegally after removal. We affirm.

Diaz contends that the district court abused its discretion by misapplying departure provisions of the Sentencing Guidelines. The

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Government argues that the sentence is not a departure from the guidelines sentencing range but is instead a variance above that range.  Given that Diaz's "sentence was not unreasonable," as explained below, we need not decide whether it was authorized by the Guidelines or was a "non-Guidelines sentence." *United States v. Jones,* 444 F.3d 430, 441 (5th Cir. 2006).

The characterization of a sentence is irrelevant "if the sentence imposed was reasonable under the totality of the relevant statutory factors." *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008) (quoting *Jones*, 444 F.3d at 441).  The district court considered the advisory guideline range and all the factors mentioned in 18 U.S.C. § 3553(a).  The court was of the opinion that a sentence above the guidelines range was warranted based on the following: Diaz's history and characteristics and the nature and circumstances of the offense; the need for the sentence to reflect the offense's seriousness, promote respect for the law, and provide just punishment; and the need to protect the public from recidivism by Diaz.  "The record . . . demonstrates the reasonableness of the district court's conclusions." *Brantley*, 537 F.3d at 349. The offense of conviction was the type that Diaz had committed before and for which he had been punished briefly before without apparent deterrent effect, and his history of other crimes supported a conclusion that there was a risk of recidivism.  Diaz thus exhibited personal characteristics indicating "that a long incarceration period was required to provide just punishment, to ensure adequate deterrence, and to protect the public." *Brantley*, 537 F.3d at 350.

AFFIRMED.