**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Alex Jeovany INTERIANO–ZAVALA, Defendant–Appellant.**

**No. 13–50898**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

June 19, 2014.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

Judy Fulmer Madewell, Assistant Federal Public Defender, Maureen Scott Franco, Federal Public Defender, Federal Public Defender's Office, San Antonio, TX, for Defendant–Appellant.

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM: *

Alex Interiano–Zavala appeals the 30–month, above-range sentence imposed for reentering the United States illegally after removal, claiming that it is greater than necessary to satisfy the sentencing factors of 18 U.S.C. § 3553(a) and is therefore substantively unreasonable. This is a variance sentence because it falls outside the calculated guideline range but is not specifically authorized by any guideline. *See United States v. Brantley*, 537 F.3d 347, 349 (5th Cir.2008). Therefore, it will be upheld if it is substantively reasonable in light of the totality of the factors in § 3553(a). *Id.*

The district court considered the guidelines and the factors in § 3553(a). "The record ... demonstrates the reasonableness" of the sentence. *Brantley*, 537 F.3d at 350. The offense of conviction was the type that Interiano–Zavala had committed before and for which he had been punished briefly without apparent deterrent effect, and his history of other crimes did not suggest that he was averse to additional criminal activity. His personal characteristics thus indicated "that a long incarceration period was required to provide just punishment, to ensure adequate deterrence, and to protect the public." *Id.* Consequently, there is no basis for disturbing the sentence. *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); *Brantley*, 537 F.3d at 349–50.

AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.