# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50160
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 6, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE CRUZ REZA-GURROLA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:16-CR-806-1

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jose Cruz Reza-Gurrola appeals the sentence imposed following his guilty plea conviction for illegal reentry after deportation, in violation of 8 U.S.C. § 1326. Reza-Gurrola argues on appeal that his above-guidelines 30-month sentence is substantively unreasonable because it is greater than necessary to meet the goals of the 18 U.S.C. § 3553(a) factors. He contends that the district court gave too much weight to his remote convictions for injury

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to a child and its alleged disagreement with the amendments to the illegal reentry guideline.  He also contends that the district court failed to give proper weight to the fact that he remained in Mexico for ten years after his removal, working as an agricultural and masonry laborer, and that there is no evidence that his return to the United States was "badly motivated."

We review the "substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007).  The record establishes that the district court did not rely on a disagreement with the guidelines amendments in sentencing Reza-Gurrola.  Rather, the record reflects that the district court properly considered the guidelines range, the statutory penalties, the § 3553(a) factors, the facts set forth in the presentence report, and the parties' arguments at sentencing.  The district court considered Reza-Gurrola's prior convictions in the context of the § 3553(a) factors, specifically his history and characteristics and the need to deter criminal conduct, to provide just punishment, to protect the public, and to promote respect for the law.  *See* § 3553(a)(1), (2).  The record also shows that the district court considered Reza-Gurrola's arguments in mitigation regarding the passage of ten years before his return to the United States and regarding his employment while he was in Mexico.  Although Reza-Gurrola's 30-month sentence is 16 months greater than the top of the guidelines range, this court has upheld variances considerably greater than the increase to his sentence.  *See, e.g.*, *United States v. Brantley*, 537 F.3d 347, 348-50 (5th Cir. 2008). Reza-Gurrola's arguments do not show a clear error of judgment on the district court's part in balancing the § 3553(a) factors; instead, they constitute a mere disagreement with the district court's weighing of those factors.  Given the significant deference that is due to a district court's consideration of the § 3553(a) factors and the district court's reasons for its sentencing decision,

No. 17-50160

Reza-Gurrola has not demonstrated that his sentence is substantively unreasonable. *See Gall*, 552 U.S. at 50-53; *United States v. Broussard*, 669 F.3d 537, 551 (5th Cir. 2012).

Accordingly, the district court's judgment is AFFIRMED.