# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 17-60206
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
November 15, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LINDSEY AMOS,

Defendant-Appellant

———————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:16-CR-85-1

———————

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Lindsey Amos appeals the sentence imposed following his guilty plea conviction of breaking and entering into the dwelling house of another with the intent to commit larceny therein, in violation of 18 U.S.C. § 1153 and MISS. CODE ANN. § 97-17-23. He argues that his 72-month, above-guidelines sentence is substantively unreasonable because it is greater than necessary to meet the goals of 18 U.S.C. § 3553(a). He contends that the district court gave

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

too much weight to his criminal history in light of the nature of the offense. He also contends that the sentence is unreasonable in light of the facts that the Government requested a guidelines sentence and the presentence report recommended a downward departure.

We review the "substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). The record reflects that the district court properly considered the guidelines range, the statutory penalties, the § 3553(a) factors, the facts set forth in the presentence report, and the parties' arguments at sentencing. The district court considered Amos's prior convictions in the context of the § 3553(a) factors, specifically his history and characteristics and the need to deter criminal conduct, to provide just punishment, to protect the public, and to promote respect for the law. *See* § 3553(a)(1), (2). Although Amos's 72-month sentence is 36 months greater than the top of the guidelines range, this court has upheld variances considerably greater than the increase to his sentence. *See, e.g., United States v. Brantley*, 537 F.3d 347, 348-50 (5th Cir. 2008).

Amos's arguments do not show a clear error of judgment on the district court's part in balancing the § 3553(a) factors; instead, they constitute a mere disagreement with the district court's weighing of those factors. Given the significant deference that is due to a district court's consideration of the § 3553(a) factors and the district court's reasons for its sentencing decision, Amos has not demonstrated that his sentence is substantively unreasonable. *See Gall*, 552 U.S. at 50-53; *United States v. Broussard*, 669 F.3d 537, 551 (5th Cir. 2012).

Accordingly, the district court's judgment is AFFIRMED.