# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 17-10429
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

February 14, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL WAYNE BOGAR,

Defendant-Appellant

————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-220-1

————

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Michael Wayne Bogar appeals the sentence imposed following his guilty plea conviction for bank robbery in violation of 18 U.S.C. § 2113(a).  He contends that the 240-month, above-Guidelines sentence is substantively unreasonable because it was greater than necessary to satisfy the sentencing goals set forth in 18 U.S.C. § 3553(a).  Bogar argues that the district court imposed the statutory maximum sentence based solely on his criminal history

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10429

and without properly accounting for other aspects of his history and characteristics. He also argues that, under the totality of the circumstances, the extent of the variance was unreasonable.

The record reflects that the district court considered the advisory Guidelines range, the statutory penalties, the Section 3553(a) factors, the facts in the presentence report, and Bogar's arguments in mitigation of the sentence. The district court made an individualized assessment and concluded that the Guidelines range did not adequately take into account the Section 3553(a) factors. Although Bogar's 240-month sentence is 52 months greater than the top of the 151 to 188-month Guidelines range, we have upheld variances greater than the increase to his sentence. *See United States v. Brantley*, 537 F.3d 347, 348–50 (5th Cir. 2008).

Bogar's arguments do not show a clear error of judgment on the district court's part in balancing the Section 3553(a) factors; instead, they constitute a mere disagreement with the district court's weighing of those factors. Given the significant deference that is due to a district court's consideration of the Section 3553(a) factors and the district court's reasons for its sentencing decision, Bogar has not demonstrated that the sentence is substantively unreasonable. *See Gall v. United States*, 552 U.S. 38, 50–53 (2007); *Brantley*, 537 F.3d at 349. Accordingly, the district court's judgment is AFFIRMED.