# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-50621
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 14, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VICENTE GONZALEZ PESINA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:17-CR-162-1

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Vicente Gonzalez Pesina appeals the sentence imposed following his guilty plea conviction of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a). He contends that the 120-month, above-guidelines sentence is substantively unreasonable because it was greater than necessary to satisfy the sentencing goals set forth in 18 U.S.C. § 3553(a). Pesina argues that the district court imposed the statutory maximum sentence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

based on his criminal history and the sentence he received for a prior conviction of being a felon in possession of a firearm without properly accounting for other aspects of his history and characteristics.

The record reflects that the district court considered the advisory guidelines range, the statutory penalty, the § 3553(a) factors, the facts set forth in the presentence report, the letters submitted on Pesina's behalf, the Government's arguments in support of an upward departure, and Pesina's arguments in mitigation of sentence. The district court made an individualized assessment and concluded that the guidelines range did not adequately take into account the § 3553(a) factors. Although Pesina's 120-month sentence is 74 months greater than the top of the 37 to 46-month guidelines range, we have upheld greater variances than the increase to his sentence. *See United States v. Brantley*, 537 F.3d 347, 348-50 (5th Cir. 2008).

Pesina's arguments do not show a clear error of judgment on the district court's part in balancing the § 3553(a) factors; instead, they constitute a mere disagreement with the district court's weighing of those factors. Given the significant deference that is due to a district court's consideration of the § 3553(a) factors and the district court's reasons for its sentencing decision, Pesina has not demonstrated that the sentence is substantively unreasonable. *See Gall v. United States*, 552 U.S. 38, 50-53 (2007); *Brantley*, 537 F.3d at 349. Accordingly, the district court's judgment is AFFIRMED.