# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 25, 2022

Lyle W. Cayce
Clerk

No. 21-40869
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOSE DELFIDES FLORES-LOPEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:20-CR-684-1

Before SOUTHWICK, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Jose Delfides Flores-Lopez pled guilty to illegal reentry. After this court vacated his initial sentence in a prior appeal, the district court adopted a Sentencing Guidelines range of 30 to 37 months in prison and imposed a term of 46 months. Flores-Lopez argues that this sentence is procedurally

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-40869

unreasonable when viewed as a departure and substantively unreasonable as either a departure or a variance.

This court recognizes three types of sentences: (1) a sentence within a properly calculated Guidelines range, (2) a sentence that includes a departure as authorized by the Guidelines, and (3) a variance outside the Guidelines. *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008). Because Flores-Lopez's sentence can be affirmed as a variance, we need not address his challenge to its propriety as a departure. *See United States v. Gas Pipe, Inc.*, 997 F.3d 231, 242 (5th Cir.), *cert. denied*, 142 S. Ct. 484 (2021).

Our review of substantive reasonableness in sentencing is for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). The record shows that the district court listened to Flores-Lopez and his counsel, considered the 18 U.S.C. § 3553(a) factors, and made an individualized assessment based on the facts of the case. Although Flores-Lopez suggests the district court could not rely on factors already incorporated by the Guidelines to support a variance, he is mistaken. *See Brantley*, 537 F.3d at 350.

AFFIRMED.

2