# United States Court of Appeals
# for the Fifth Circuit

_____

No. 24-40371
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

January 10, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Santos Nepali Contreras-Mejia,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:23-CR-25-1

_____

Before Jolly, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Santos Nepali Contreras-Mejia pleaded guilty, without a written plea agreement, to illegal reentry by a deported alien, in violation of 8 U.S.C. § 1326(a) and (b)(1). The district court imposed a sentence of 120 months of imprisonment and three years of supervised release, which constituted an upward variance from the advisory guidelines range of 30 to 37 months of

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

imprisonment. Contreras-Mejia contends that the sentence is substantively unreasonable because it is greater than necessary to satisfy the goals of the 18 U.S.C. § 3553(a) sentencing factors. He asserts that the district court gave insufficient weight to the guidelines range of 30 to 37 months and excessive weight to his criminal history, citing the age and nonviolent nature of his offenses and the counting of his criminal history in determining his guidelines range.

We review the substantive reasonableness of a sentence under an abuse-of-discretion standard, giving "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall v. United States*, 552 U.S. 38, 46-47, 49-51 (2007). We discern no abuse of discretion. The record reflects that the district court expressly took the guidelines range into account. However, the district court found that Contreras-Mejia's history of driving while intoxicated (DWI) offenses, including a pending DWI charge, and repeated illegal entries, in light of the need to protect the public from future crimes and to provide adequate deterrence, supported an above-range sentence. A defendant's criminal history may support an upward variance, even if already accounted for by the guidelines range. *United States v. Key*, 599 F.3d 469, 475 (5th Cir. 2010); *United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008). As to the extent of the variance, the district court likewise did not abuse its discretion. *See, e.g.*, *Brantley*, 537 F.3d at 350.

The judgment is AFFIRMED.