# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 13, 2013

Lyle W. Cayce
Clerk

No. 12-60550
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MARVIN LOUIS NELSON,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:11-CR-48-1

Before DAVIS, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Marvin Louis Nelson appeals the 48-month imposed sentence following his guilty-plea conviction for conspiracy to commit access-device fraud, in violation of 18 U.S.C. §§ 371 and 1029. He first contends his above-Guidelines sentence is procedurally unreasonable because the district court failed to adequately explain the sentence.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

still properly calculate the Guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 48-51 (2007). In that respect, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

For the procedural challenge, because Nelson objected only to the reasonableness of his sentence and not to the adequacy of the court's explanation for it, review is only for plain error. *E.g.*, *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). To show reversible plain error, Nelson must show, *inter alia*, a forfeited error that is clear or obvious. *Puckett v. United States*, 556 U.S. 129, 135 (2009).

After considering the advisory Guidelines sentencing range, the statutory penalties, and the 18 U.S.C. § 3553(a) sentencing factors, the court concluded an above-Guidelines sentence "would better achieve the statutory purposes of sentencing". The court considered the nature and circumstances of Nelson's offense, his history and characteristics, and the need for his sentence to reflect the offense's seriousness, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public from similar crimes. The court described Nelson as "a danger to society" and found it noteworthy that the instant conviction was his tenth felony conviction, and his fourth conviction for offenses involving stolen or fraudulent credit cards. Nelson has not shown clear or obvious error. *E.g.*, *United States v. Key*, 599 F.3d 469, 474-75 (5th Cir. 2010) (no procedural error for above-Guidelines sentence where § 3553 factors extensively discussed).

Nelson also maintains his sentence was substantively unreasonable because the stated reasons for the sentence do not support it. As noted, he preserved this objection. The substantive reasonableness is reviewed under a deferential abuse of discretion standard, taking into account the totality of the circumstances. *Id.* at 475.

No. 12-60550

The court sufficiently articulated its reasons for imposing the above-Guidelines sentence, *e.g.*, *id.* at 474-75, and it was not precluded from considering factors already incorporated into Nelson's Guidelines calculation, *see United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008). The court properly relied on the § 3553(a) factors in imposing an upward variance and determining the extent of that variance. *E.g.*, *id.* at 349.

AFFIRMED.