# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30277

United States Court of Appeals
Fifth Circuit

**FILED**
January 15, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DANIEL JAMES BROUSSARD

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:10-CR-217-1

Before JONES, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:*

Daniel James Broussard pled guilty to two counts of using a facility in interstate commerce to attempt to coerce a minor to engage in criminal sexual acts.[1] He was sentenced to 240 months of imprisonment on each count, to run concurrently, and to concurrent 20-year terms of supervised release. He

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] In his interview with the police Broussard admitted that he had engaged in sexually explicit Webcam activities with persons under the age of 18, and that he believed he had engaged in about one hundred such experiences with girls as young as 12.

challenges the sentence as substantively unreasonable.  Finding no error, we AFFIRM.

Broussard was initially convicted and sentenced to 40 years imprisonment.  He appealed his conviction and sentence, arguing that the 40-year sentence was both procedurally and substantively unreasonable.  This court affirmed Broussard's conviction, but vacated his sentence on the ground that the district court plainly erred in relying on Broussard's rehabilitative needs in lengthening his sentence.  *United States v. Broussard*, 669 F.3d 537, 540-45 (5th Cir. 2012); *see Tapia v. United States*, 131 S. Ct. 2382 (2011).

The proper guideline range of imprisonment is 87 to 100 months.  Because there is a statutory minimum sentence of 10 years, the guideline sentence becomes 10 years imprisonment.  The statutory maximum sentence is life.

On remand, the district court reviewed all of the materials submitted and considered the factors set forth in 18 U.S.C. § 3553.  It also heard testimony from two mental health experts who each testified that Broussard was amenable to treatment and posed a low risk of recidivism.  After hearing the testimony, the district court noted that it was concerned with the potential that the experts were wrong.  The district court again imposed an upward variance from the guideline sentence of 10 years, sentencing Broussard to 240 months of imprisonment on each count, to run concurrently, and to concurrent 20-year terms of supervised release.  The 20-year sentence is 20 years shorter than the sentence previously vacated.

This court reviews the substantive reasonableness of a sentence under an abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  Reasonableness review requires this court to evaluate whether the upward variance sentence unreasonably fails to reflect the § 3553(a) sentencing factors, *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006), but this court "may

No. 13-30277

not reverse the district court's ruling just because it would have determined than an alternative sentence was appropriate." *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008).

Broussard argues that the district court failed to properly weigh the sentencing factors. His argument is without merit. The district court correctly calculated the guideline range and considered both Broussard's age and the testimony from the mental health professionals. The district court was concerned that one of the mental health professionals had only spent three hours with Broussard and the other had never examined him. The district court also considered sexually explicit writings that Broussard had composed as a teenager. These "fantasies" were written in the first person and described sexual encounters with minors and incestuous relationships. Furthermore, the district court explicitly avoided lengthening the sentence for the purposes of rehabilitative needs, thereby correcting the error that caused this court to vacate the previous sentence. *Broussard*, 669 F.3d at 540-45. Ultimately, the district court felt that any mitigating factors were outweighed by the seriousness of the crimes and the need to protect the public.

While the upward variance in this case is substantial, we have affirmed similar variances in other cases. *See Brantley*, 537 F.3d at 348-50 (upholding 180-month upward variance from guidelines maximum of 51 months based on the defendant's characteristics and extensive criminal history, the offenses of conviction, and the need to deter further criminal conduct and protect the public); *United States v. Jones*, 444 F.3d 430, 433, 441-42 (5th Cir. 2006) (affirming 120-month upward variance from guidelines maximum of 57 months based on the seriousness of the offense and the need to deter further criminal conduct and protect the public). The district court did not abuse its discretion in granting the upward variance. The sentence is **AFFIRMED**.

3