# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50410
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 22, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GERARDO RAMOS-SABIDO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-1609-1

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Gerardo Ramos-Sabido appeals the 36-month sentence imposed after his guilty plea conviction for illegal reentry following deportation in violation of 8 U.S.C. § 1326. He argues that the above-guidelines sentence is substantively unreasonable because it was greater than necessary to satisfy the sentencing goals of 18 U.S.C. § 3553(a). Ramos-Sabido asserts that his offense of illegal reentry was, at most, an international trespass and that his offense level was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

inflated because U.S.S.G. § 2L1.2 effectively double counts a defendant's criminal history.  He also argues that the district court gave inordinate weight to his remote prior offenses and that a sentence within the guidelines range would have been more than adequate to deter him from future offenses.

Ramos-Sabido has not established that his sentence was substantively unreasonable.  We have rejected his argument that the Guidelines overstate the seriousness of illegal reentry because it is simply an international trespass offense.  *See United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008).  Likewise, we have held that a sentence imposed pursuant to § 2L1.2 is not necessarily greater than necessary to meet the sentencing goals of § 3553(a) due to any double counting that is inherent in that Guideline.  *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009).

Also, the record reflects that the district court had an adequate basis for the sentence imposed and was guided by the § 3553(a) factors in deciding that an upward variance was merited.  The district court made an individualized assessment and concluded that the guidelines range did not adequately take into account the § 3553(a) factors, including Ramos-Sabido's history and characteristics, the need to promote respect for the laws of the United States, the need to provide a just punishment, and the need to deter future crimes.  To the extent that Ramos-Sabido disagrees with his sentence and the district court's weighing of the § 3553(a) factors, he has not shown that the district court abused its discretion on that basis.  *See Gall v. United States*, 522 U.S. 38, 51 (2007).  Furthermore, under the totality of the circumstances, the 36-month sentence, which was six months greater than the top of the applicable guidelines range, was not so disproportionate as to overcome the factors supporting its imposition.  *See United States v. Brantley*, 537 F.3d 347, 348-50 (5th Cir. 2008).

AFFIRMED.