# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-50869
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 24, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAFAEL CORONA-JIMENEZ, also known as Rafael Corrona-Jimenez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:10-CR-224-1

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Rafael Corona-Jimenez was convicted by a jury of illegal reentry into the United States after deportation and was sentenced to 60 months of imprisonment and three years of supervised release. He argues that the above-guidelines sentence is substantively unreasonable because it was greater than necessary to satisfy the sentencing goals of 18 U.S.C. § 3553(a). Corona-Jimenez asserts that his offense of illegal reentry was, at most, an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

international trespass and that the district court gave inordinate weight to his prior offenses.

We review sentences for reasonableness in light of the § 3553(a) factors. *See United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005). Corona-Jimenez has not established that his sentence was substantively unreasonable. We have rejected his argument that the Guidelines overstate the seriousness of illegal reentry because it is simply an international trespass offense. *See United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008).

Also, the record reflects that the district court had an adequate basis for the sentence imposed and was guided by the § 3553(a) factors in deciding that an upward variance was merited. The district court made an individualized assessment and concluded that the guidelines range did not adequately take into account the § 3553(a) factors, including Corona-Jimenez's criminal history and characteristics, the need to promote respect for the laws of the United States, the need to impose a just punishment, the need to deter future crimes, and the need to protect the public. To the extent that Corona-Jimenez disagrees with his sentence and the district court's weighing of the § 3553(a) factors, he has not shown that the district court abused its discretion on that basis. *See Gall v. United States*, 522 U.S. 38, 51 (2007). Furthermore, under the totality of the circumstances, the 60-month sentence was not so disproportionate as to overcome the factors supporting its imposition. *See United States v. Brantley*, 537 F.3d 347, 348-50 (5th Cir. 2008).

AFFIRMED.