# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50774
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 13, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE NUNEZ-PALACIOS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-3-1

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jose Nunez-Palacios appeals the 60-month above-guidelines sentence imposed by the district court after he pleaded guilty to illegal reentry following deportation in violation of 8 U.S.C. § 1326. Nunez-Palacios argues that the above-guidelines sentence imposed by the district court was substantively unreasonable because it failed to take into account the fact that most of his unscored convictions were for driving offenses, it failed to give adequate weight

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50774

to his benign motive for returning to this country, and it failed to give adequate weight to the fact that he had no prior immigration offenses and that his longest prior sentence was 364 days.

The district court considered the arguments of the parties and the presentence report and was free to conclude, as it did, that the guidelines range was inadequate in light of 18 U.S.C. § 3553(a)'s sentencing factors. The district court was particularly concerned that Nunez-Palacios had prior convictions that were not counted under the Guidelines. The uncounted criminal history included convictions for aggravated battery and battery. The district court also noted the fact that Nunez-Palacios illegally reentered the country about seven months after being removed from the country following a scored conviction for battery of a pregnant woman.

The record demonstrates that the district court's decision to impose a non-guidelines sentence was based on permissible factors that advanced the objectives set forth in § 3553(a) and was justified by the facts of the case. *See United States v. Smith*, 440 F.3d 704, 708-09 (5th Cir. 2006). Additionally, the variance does not represent an abuse of the district court's sentencing discretion when considered in light of the totality of the circumstances. *See Gall v. United States,* 552 U.S. 38, 51 (2007); *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008).

Accordingly, the district court's judgment is AFFIRMED.