# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-11240

UNITED STATES OF AMERICA,

United States Court of Appeals
Fifth Circuit

**FILED**

October 21, 2015

Lyle W. Cayce
Clerk

Plaintiff-Appellee

v.

ARTURO LEMUS, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CR-105-1

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Arturo Lemus, Jr., appeals his 120-month sentence imposed following his guilty plea conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On appeal, Lemus challenges the substantive reasonableness of his sentence, arguing that the district court "aggrandized [his] criminal history and minimized his mitigating facts." In support of this challenge, Lemus asserts that the district court placed too much emphasis on his criminal history. He also contends that the district court "ignored the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-11240

mitigating facts," namely, that he possessed the firearm at issue for protection after a drive-by shooting at his home, that he had already been penalized for the crimes he committed during his pretrial release for the instant offense, and his positive character traits.  Lemus's sentence was a result of an upward departure or variance from the applicable guidelines range.  However, the specific characterization of Lemus's sentence is irrelevant because the district court's sentence is substantively reasonable "under the totality of the relevant statutory factors." *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008) (internal quotation marks and citation omitted).

We review the substantive reasonableness of a sentence for abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  A non-guidelines sentence will be found substantively unreasonable when it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

The record reflects that the district court made an individualized assessment of the facts and determined that a within-guidelines sentence would inadequately address the sentencing factors set forth in 18 U.S.C. § 3553(a).  In addition, the district court provided fact-specific reasons at sentencing and in the statement of reasons justifying the imposition of an upward variance.  Although Lemus's 120-month sentence is the statutory maximum term of imprisonment and 42 months greater than the top of his 63 to 78-month guidelines range, we have upheld significantly greater variances. *See United States v. Key*, 599 F.3d 469, 475-76 (upholding a 216-month sentence where the guidelines range was a maximum of 57 months); *Smith*,

No. 14-11240

417 F.3d at 492-93 (affirming a 120-month sentence where the guidelines range was a maximum of 41 months).

Contrary to Lemus's argument, the district court was not precluded from considering factors, such as his convictions that received criminal history points or his state drug trafficking arrest while on pretrial release, that were already incorporated into the Guidelines calculation. *See Brantley,* 537 F.3d at 350. Similarly unavailing is Lemus's argument that the district court "minimized" or "ignored" mitigating facts. The record establishes that the district court was aware of Lemus's mitigating facts but nevertheless concluded that an above-guidelines sentence was warranted in light of other factors. In essence, Lemus is requesting that this court reweigh the § 3553(a) factors, which is not within the scope of this court's review. *See Gall*, 552 U.S. at 51.

Under the totality of the circumstances, including the significant deference that is given to the district court's consideration of the § 3553(a) factors and the district court's reasons for its sentencing decision, Lemus failed to show that his 120-month sentence is substantively unreasonable. *See Gall*, 552 U.S. at 50-53. Accordingly, the judgment of the district court is AFFIRMED.