# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30351
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 16, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RUSSELL GUILLORY,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:15-CR-79-1

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Russell Guillory pleaded guilty to possession of child pornography. He was sentenced to a 120-month term of imprisonment and a 15-year period of supervised release. Guillory asserts that the sentence is substantively unreasonable because it is greater than is necessary to accomplish the statutory sentencing goals. He points to mitigating facts and contends that a lesser sentence would satisfy the sentencing factors of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

promoting respect for the law, providing just punishment, and avoiding sentencing disparities.  Guillory also claims that the district court gave too much weight to aggravating circumstances.

We review sentences for procedural error and substantive reasonableness under an abuse of discretion standard.  *United States v. Johnson*, 619 F.3d 469, 471-72 (5th Cir. 2010) (citing *Gall v. United States*, 552 U.S. 38, 50-51 (2007)).  As Guillory properly concedes, we apply a presumption of reasonableness to within-guidelines sentences.[1]  *United States v. Rashad*, 687 F.3d 637, 644 (5th Cir. 2012).  "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors."  *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).  This court "owes deference to the district court's determination of the appropriate sentence based on the § 3553(a) factors and may not reverse the district court's ruling just because it would have determined that an alternative sentence was appropriate."  *United States v. Brantley,* 537 F.3d 347, 349 (5th Cir. 2008).

The district court carefully considered Guillory's arguments in favor of a more lenient sentence and rejected them.  Guillory has not shown that its reasons for doing so represent a clear error of judgment in balancing sentencing factors.  *See Cooks*, 589 F.3d at 186.  The judgment is AFFIRMED.

---

[1] Although Guillory asserts that the presumption should not be applied because U.S.S.G. § 2G2.2 lacks an empirical basis, he concedes that this contention is foreclosed and he states that he has raised it to preserve it for possible further review.  *See United States v. Miller*, 665 F.3d 114, 121 (5th Cir. 2011); *United States v. Duarte,* 569 F.3d 528, 529 (5th Cir. 2009).