# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-51051
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

February 6, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PABLO FELIPE-DIEGO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:15-CR-260-1

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:*

Pablo Felipe-Diego appeals the 37-month, above-guidelines sentence imposed following his guilty plea conviction for illegal reentry in violation of 8 U.S.C. § 1326. He argues that his sentence is substantively unreasonable. He asserts that the district court placed too much weight on his prior sentence for illegal reentry and that it failed to consider his incentive to return to his family in the United States as mitigating evidence.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-51051

The record supports that the district court had an adequate basis for the sentence imposed and was guided by the 18 U.S.C. § 3553(a) factors in deciding that an upward variance was warranted, particularly finding that a non-guidelines sentence addressed Felipe-Diego's criminal history, which included several convictions that did not receive criminal history points in the presentence report.  Its written statement of reasons cited several of the § 3553(a) factors, including the history and characteristics of Felipe-Diego, the need to promote respect for the law, and the goal of protecting the public from further crimes by him.  Thus, the district court's reasons for imposing an upward variance were fact-specific and consistent with the § 3553(a) factors. *See United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006); *see also United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008).

Nothing in the record suggests that the district court did not account for a factor that should have received significant weight, gave significant weight to an improper or irrelevant factor, or made a clear error of judgment in balancing the sentencing factors.  *See Smith*, 440 F.3d at 708.  To the extent that Felipe-Diego seeks to have this court reweigh those factors, we will not do so.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  Felipe-Diego offers nothing more than conjecture when he argues that his previous sentence for illegal reentry may have been based on an erroneous guidelines calculation and therefore should not have been relied upon by the district court in sentencing him.  Similarly, his contention that the district court did not consider mitigating evidence is unavailing given the record in this case.

The judgment of the district court is AFFIRMED.