# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————————

No. 17-10119
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 17, 2018

Lyle W. Cayce
Clerk

————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ERNESTO BUMAGAT PECSON, JR., also known as Ernesto Bagamat Pecson,

Defendant-Appellant

————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-189-1

————————————

Before REAVLEY, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Ernesto Bumagat Pecson, Jr., appeals the 120-month, above-guidelines range sentence imposed following his guilty plea conviction for bank robbery, in violation of 18 U.S.C. § 2113(a). He challenges only the substantive reasonableness of the sentence, arguing that an upward departure or variance was not justified under U.S.S.G. § 4A1.3 and that his sentence fails to take into account his mitigating arguments regarding his traumatic childhood, his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

military service, and his low likelihood for recidivism; represents a clear error of judgment in balancing the sentencing factors; and is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a).

After reviewing the substantive reasonableness of Pecson's sentence under a deferential abuse-of-discretion standard, *see Gall v. United States*, 552 U.S. 38, 51 (2007), we find no error.  The district court did not impose an upward departure under § 4A1.3(a), but instead indicated that the sentence imposed was outside of the guidelines range based on the factors set forth in § 3553(a).  Indeed, the district court stated that the 120-month sentence was "absolutely necessary" to address the § 3553(a) sentencing factors, noting that Pecson, who was 42 at the time of sentencing, had engaged in criminal conduct since he was a teenager and that the presentence report contained 16 pages devoted to his criminal history.  The district court listened to Pecson's arguments in mitigation but concluded that Pecson did not "know how to abide by the rules of society" and that an upward variance was warranted based on the nature and circumstances of the offense, the history and characteristics of Pecson, the need to provide adequate deterrence, and to protect the public from further crimes.  *See* § 3553(a)(1), (a)(2)(A), (B), (C).

Nothing suggests that the district court failed to consider a factor that should have received significant weight, gave significant weight to an improper factor, or made a clear error of judgment in balancing the sentencing factors. *See United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).  We therefore defer to the district court's determination that the § 3553(a) factors, on the whole, merit a variance, *see United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008), and justify the extent of the variance, *see United States v. Broussard*, 669 F.3d 537, 551 (5th Cir. 2012), which, at 24 months above the advisory sentencing range of 77 to 96 months of imprisonment, is less than

No. 17-10119

other variances previously affirmed by this court, *see, e.g., Brantley*, 537 F.3d at 348-50.

AFFIRMED.