# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-30226
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 13, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DESHAN SPIVEY,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:17-CR-214-1

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Deshan Spivey appeals the sentence imposed following his guilty-plea conviction for making, uttering, and possessing a counterfeit security, in violation of 18 U.S.C. § 513(a). He claims the above-Sentencing Guidelines sentence of 30-months' imprisonment is substantively unreasonable because it was greater than necessary to satisfy the sentencing goals of 18 U.S.C. § 3553(a) (listing the "[f]actors to be considered in imposing a sentence"),

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

maintaining the district court imposed the sentence based solely on his criminal history without properly accounting for other aspects of his history and characteristics. (He does not challenge the extent (six months) of the variance.)

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). (As noted, Spivey does not claim procedural error.)

The district court considered the advisory Guidelines range and the statutory penalties, the § 3553(a) factors, Spivey's criminal history, the facts provided in his presentence investigation report, and his contentions in mitigation of the sentence. The court's oral and written reasons for the sentence variance were specific to § 3553(a)'s concerns and the facts of Spivey's history and characteristics.

Spivey does not show the court erred in balancing the § 3553(a) factors. Instead, his assertions constitute an unavailing disagreement with the court's weighing of them. *United States v. Heard,* 709 F.3d 413, 435 (5th Cir. 2013). Given the totality of the circumstances and the significant deference due to the district court's consideration of the § 3553(a) factors, Spivey has not

No. 18-30226

demonstrated the sentence is substantively unreasonable.  *Gall*, 552 U.S. at 50–53; *United States v. Brantley*, 537 F.3d 347, 349–50 (5th Cir. 2008).

AFFIRMED.