# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-30995
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 2, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DONALD W. REYENGA, also known as Duck,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:14-CR-117-1

Before DAVIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Donald W. Reyenga appeals his 120-month, above-guidelines sentence for being a felon in possession of a firearm, which was imposed after the district court vacated his original 192-month Armed Career Criminal Act (ACCA) sentence. Reyenga contends that his sentence is substantively unreasonable because the district court failed to give adequate weight to the 41-to-51-month guidelines range that the court applied post-vacatur, gave inordinate weight

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to his criminal history, and clearly erred in balancing the 18 U.S.C. § 3553(a) sentencing factors.  He alleges that district court varied upward impermissibly out of a desire to reimpose, to the extent possible, his vacated ACCA sentence based on its dissatisfaction with the new, lower guidelines range.

We review the substantive reasonableness of an above-guidelines sentence for abuse of discretion, owing great deference to the district court's findings and conclusions.  *United States v. Key*, 599 F.3d 469, 475 (5th Cir. 2010); *see Gall v. United States*, 552 U.S. 38, 51 (2007).  An above-guidelines sentence is substantively unreasonable if it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors."  *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

Reyenga fails to show an abuse of discretion.  The district court expressly noted the 41-to-51-month guideline range that applied after the vacatur of Reyenga's prior ACCA sentence but expressed concern that a sentence in that range would not adequately capture the seriousness of his extensive criminal history, which includes multiple convictions for burglary, drug offenses, and violent crimes as well as numerous parole revocations.  Reyenga's criminal history was a relevant and proper sentencing factor, which the district court was entitled to give significant weight.  *See id.*; *United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008).

Although Reyenga's sentence is considerably above the top of the guidelines range, we have "previously upheld comparable increases, in terms of both percentage and magnitude."  *United States v. Smith*, 417 F.3d 483, 492 (5th Cir. 2005); *see Brantley*, 537 F.3d at 350 (5th Cir. 2008) (affirming variance to 180 months from guidelines range of 41 to 51 months based on inadequacy

No. 18-30995

of defendant's criminal history category).     As in *Brantley*, Reyenga's "undisputed criminal history provides ample justification for the sentence" in this case. *Brantley*, 537 F.3d at 350.

Finally, we find no merit in Reyenga's contention that the district court's primary motivation was to reduplicate, to the extent possible, his prior ACCA sentence. Nothing in the record suggests that to be the case; the district court made amply clear that its decision to vary above the guidelines range was rooted in its concern over Reyenga's extensive and inadequately weighted criminal history. As stated above, that was a reasonable determination. *See id.* at 350.

The judgment is AFFIRMED.