# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-10117
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 25, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JULIO CESAR PACHECO-ASTRUDILLO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:18-CR-78-1

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Julio Cesar Pacheco-Astrudillo appeals his 36-month, above-guidelines sentence of imprisonment following his guilty plea to being found in the United States following a previous deportation. Pacheco-Astrudillo argues that the 36-month sentence is substantively unreasonable because it is greater than necessary to achieve the sentencing goals of 18

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10117

U.S.C. § 3553(a).  Specifically, he contends that the district court gave undue weight to his more than 19-year-old criminal history.

We review a district court's non-guidelines sentence for abuse of discretion under the totality of the circumstances.  *See Gall v. United States*, 522 U.S. 38, 51 (2007).  The instant record reflects that the district court properly considered the § 3553(a) factors.  At sentencing, the district court stated that it was imposing an upward variance to "adequately address the sentencing objectives of punishment and deterrence."  Specifically, the district court noted that Pacheco-Astrudillo had five prior convictions that received no criminal history points.  The district court further noted that three of Pacheco-Astrudillo's "convictions were alcohol-related, at least two of which were DWI convictions."  The district court also noted Pacheco-Astrudillo's conviction for possession of cocaine, and that he had "a conviction for assault and battery with a deadly weapon in which [Pacheco-Astrudillo] shot another person."  Under the totality of the circumstances, the 36-month sentence is reasonable.  *See United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008).  Further, we have upheld similar upward variances.  *See id.* at 349-50; *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008); *United States v. Smith*, 417 F.3d 483, 492-93 (5th Cir. 2005).  Finally, Pacheco-Astrudillo's challenge to 8 U.S.C. § 1326(b), which is grounded in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).

AFFIRMED.