# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 13, 2022

Lyle W. Cayce
Clerk

No. 20-10303

United States of America,

*Plaintiff—Appellee*,

*versus*

Robert Hadley Gross,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:16-CV-71

Before Jones, Southwick, and Oldham, *Circuit Judges*.
Per Curiam:*

Robert Hadley Gross appeals the district court's judgment denying his 28 U.S.C. § 2255 motion. This court granted Gross a certificate of appealability (COA) on the issue whether his counsel was ineffective for failing to file a notice of appeal based on Gross's argument that there were nonfrivolous grounds for appealing his $100,000 fine. We AFFIRM.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-10303

## I.

Gross was charged with 52 counts of health care fraud and pleaded guilty to one of those counts.  As part of his plea agreement, Gross agreed to pay over $1.8 million in restitution, over $2,000 in costs incurred by the United States Marshal's Service, and a special assessment of $100.  Gross acknowledged that the maximum fine that the district court could impose was $250,000 and further agreed that any fine or other financial obligation imposed would be paid from funds in one of his financial accounts seized by the Government.

At his rearraignment, Gross confirmed his understanding of the maximum statutory fine of $250,000 and that any fine would be paid out of the aforementioned bank account.  The presentence report calculated a Sentencing Guidelines range of 57 to 71 months of imprisonment and a fine range of $10,000 to $100,000.  The district court sentenced Gross to 71 months of imprisonment, three years of supervised release, and a fine of $100,000 in addition to the agreed-upon restitution amount.

Gross did not appeal his conviction or sentence.[1]  He subsequently filed a § 2255 motion, alleging that his trial counsel had provided ineffective assistance by failing to file a notice of appeal despite his explicit request that she do so.  After obtaining postconviction counsel, Gross filed an amended § 2255 motion, in which he added an allegation that trial counsel had failed to consult with him regarding an appeal.

At an evidentiary hearing before a magistrate judge (MJ), Gross testified that he told trial counsel immediately after being sentenced, and again during a meeting a month later, that he wanted to appeal.  He testified

---

[1] Gross was released from imprisonment on October 31, 2019.

that he desired to appeal his sentence and "was also very angry about the fine." By contrast, Gross's trial counsel testified that she did not recall Gross ever telling her that he wanted to appeal and stated that she would have filed a notice of appeal had he requested, although she told Gross the case did not present any appealable issues in her opinion.

In a posthearing memorandum, Gross alleged, for the first time, that reasonable trial counsel would have recognized three nonfrivolous bases for appealing the $100,000 fine: procedural unreasonableness, substantive unreasonableness, and unconstitutionality.

The MJ found counsel's testimony more credible than Gross's testimony and recommended that his § 2255 motion be denied. Specifically, the MJ found that Gross had neither informed trial counsel of his desire to appeal nor otherwise reasonably demonstrated an interest in appealing the fine. The district court adopted these findings but referred the case back to the MJ for a determination whether counsel had an independent duty to consult with Gross about an appeal of the fine and whether there existed objectively nonfrivolous grounds for challenging the fine amount.

The MJ found that all of Gross's proffered bases for appealing the fine were frivolous under the plain error standard that would govern the appeal and that no other relevant legal factors supported an appeal of the fine. Therefore, the MJ concluded, trial counsel did not have an independent duty to consult Gross about an appeal. The district court adopted the MJ's findings, overruled Gross's objections thereto, and dismissed his § 2255 motion with prejudice. The court also denied a COA.

Gross timely appealed and moved for a COA in this court. This court granted a COA "solely on the issue whether Gross's trial counsel was ineffective for failing to file a notice of appeal based on Gross's argument that there were nonfrivolous grounds for appealing his $100,000 fine."

## II.

In order to prove ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was deficient and (2) that the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). "[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Roe v. Flores-Ortega*, 528 U.S. 470, 480, 120 S. Ct. 1029, 1036 (2000). "[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Id.* at 484. Both the deficient performance and prejudice prongs "may be satisfied if the defendant shows nonfrivolous grounds for appeal." *Id.* at 486 (citation omitted).

Citing *McCoy v. Court of Appeals, Dist. 1*, 486 U.S. 429, 438 n.10, 108 S. Ct. 1895, 1902 n.10 (1988), a case about the standards applicable to a motion to withdraw under *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967), Gross contends that an issue should be deemed nonfrivolous for purposes of deficient performance under *Strickland* if it has "*any* basis in law or fact." In the context of whether an appeal is taken in good faith, and thus not frivolous for purposes of in forma pauperis appeals, this court has relied on the *Anders* standard, holding that an appeal is not in bad faith if it involves "'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (quoting *Anders*, 386 U.S. at 744, 87 S. Ct. at 1400). We see no reason to apply a different standard here and, thus, must determine whether there were any "legal points arguable on their merits" for appealing the $100,000 fine imposed by the district court.

No. 20-10303

### III.

Gross argues that an appeal of the substantive reasonableness of the fine would have been nonfrivolous because the district court had already imposed a lengthy prison term and substantial restitution.[2]  He relatedly argues that the district court's waiver of statutory interest "suggests inability to pay" the fine.  As such, he appears to conclude that his combined sentence is "greater than necessary to accomplish the purposes set forth in 18 U.S.C. § 3553." *United States v. Miller*, 665 F.3d 114, 122 (5th Cir. 2011); *see* U.S. Sent'g Guidelines Manual § 5E1.2(d)(1), (4) (U.S. Sent'g Comm'n 2021) (stating that in determining the amount of a fine, the district court shall consider "the need for the combined sentence to reflect the seriousness of the offense . . . , to promote respect for the law, to provide just punishment and to afford adequate deterrence" as well as any restitution the defendant has made or is required to make).

As the MJ and district court determined, however, any challenge to the substantive reasonableness of the fine would be subject to plain error review on appeal due to Gross's failure to object to the fine in the district court.  *See United States v. Brantley*, 537 F.3d 347, 351 (5th Cir. 2008) (reviewing district court's imposition of fine for plain error where defendant did not object to fine at sentencing).  Gross acceded to a plea agreement expressly noting that he could be fined up to $250,000.  The $100,000 fine imposed by the district court was far below the statutory maximum and was within the range of the Sentencing Guidelines; therefore, the fine is presumed reasonable.  *See United States v. Pacheco-Alvarado*, 782 F.3d 213,

---

[2] Gross first argues that trial counsel herself recognized "that Gross 'could have' challenged the reasonableness of the fine on appeal."  But he takes counsel's statement out of context; she was merely agreeing that a challenge to the fine was not barred by an appeal waiver, not that such an appeal would have arguable merit.

No. 20-10303

221 (5th Cir. 2015). The record also established Gross's ability to pay the fine, as he stipulated that any fine would be paid out of the over $500,000 the Government seized from one of his bank accounts.

Given these facts, any argument that the $100,000 fine imposed by the district court was clearly or obviously substantively unreasonable would not have been arguable on its merits. *See Puckett v. United States*, 556 U.S. 129, 135, 129 S. Ct. 1423, 1429 (2009); *cf. United States v. McElwee*, 646 F.3d 328, 340 (5th Cir. 2011) (affirming above-guidelines fine on plain error review where fine was well within statutory maximum and defendant failed to show that he was unable to pay it).[3] Thus, Gross has failed to demonstrate that he received ineffective assistance of counsel. *Roe*, 528 U.S. at 486, 120 S. Ct. at 1039.

Based on the foregoing, the district court's judgment denying Gross's § 2255 motion is AFFIRMED.

---

[3] Gross does not assert, as he did in the district court, that there is any nonfrivolous basis for appealing the procedural reasonableness or constitutionality of the fine; therefore, any such argument is deemed abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993) (holding that habeas petitioner abandoned claims by failing to argue them in body of brief).